EVA MENKELUNAS, as Administratrix of the Estate of ANTHONY MENKELUNAS, Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— Action to recover damages for the wrongful death of plaintiff's intestate. Judgment dismissing the complaint at the close of the plaintiff's case unanimously affirmed, with costs. The fragment of testimony given by police officer Evers to the effect that defendant's motorman had told him that the decedent had come from the motorman's left and gone over to the right when the accident happened did not establish as a substantive fact that the decedent had, in fact, crossed from the left to the right, that is, across the path of the trolley car. Such testimony, even if it were admissible (Civ. Prac. Act, § 343-a), was only available in respect of the motorman's credibility. The negligence of the defendant could not be established by a declaration of the motorman made after the event. (*Kay* v. *Metropolitan Street Ry. Co.*, 163 N. Y. 447; *Burns* v. *Borden's Condensed Milk Co.*, 93 App. Div. 566; *Moore* v. *Rosenmond*, 238 N. Y. 356, 361.) This results in the motorman's testimony being the only proof in this record of the happening of the incident. Assuming that a jury would be free to reject portions of that testimony, there is no other proof to take the place of such testimony as might be so rejected. The only substantive proof in this record is that plaintiff's decedent never was in the path of the trolley car. There is no proof that the front of the trolley car ever came in contact with plaintiff's decedent. The state of the proof is such that it would be sheer speculation for a jury to assume to determine on this record that the defendant was the negligent cause of decedent's death. Present — Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ.

MURIEL MEYERS et al., on Behalf of Themselves and All Other Stockholders of CURTISS-WRIGHT CORPORATION, Similarly Situated, Appellants, v. J. CHEEVER COWDIN et al., Respondents, et al., Defendants.— Plaintiffs are stockholders of the Curtiss-Wright Corporation. They sue derivatively in its right and in the right of the Wright Aeronautical Corporation, a subsidiary of Curtiss-Wright Corporation, which owns approximately $97\frac{1}{2}\%$ of the capital stock of the Wright Aeronautical Corporation. By their consolidated amended complaint plaintiffs sought to compel the officers and directors of both corporations to account for the alleged misapplication of corporate funds in connection with bonuses and excessive compensation claimed to have been paid illegally and improperly to the officers and other executives of the corporation, and in connection with the claimed illegal grant by the two corporations of past-service pension annuities for employees whose annual salaries exceed $3,000. After trial the consolidated amended complaint was dismissed on the merits, and plaintiffs appeal. Judgment unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See *post*, p. 906.]