**RYAN v. UNITED PARCEL SERVICE, Inc.**

United States District Court
S. D. New York.
Dec. 9, 1952.

Archie Elkins, Jersey City, N. J., for plaintiff.

John P. Smith, New York City, by Walter G. Evans, New York City, of counsel, for defendant.

[1] The case likewise presented an income tax question, based on the same.

EDELSTEIN, District Judge.

After a verdict for plaintiff in an action for wrongful death resulting from a collision between defendant's truck and decedent's automobile, defendant moves to set aside the verdict and for a new trial. Four errors are argued as the basis for the motion.

■ (1) Over defendant's objection, a photograph was admitted into evidence, taken by a police officer shortly after the accident, and showing decedent's car with the right front door open and decedent's body hanging out. It is urged that this photograph inflamed the passion of the jury, and that it was unnecessary as an item of proof, because there were other photographs showing the condition of the car after the accident equally well or better. I cannot agree that the photograph was inflammatory; and further, it seems to me, that by showing the immediate effect and end result produced by the collision, the photograph was of some assistance to the jury in determining how it came about.

■ (2) The defendant maintains that the court erred in refusing to admit into evidence, as an exception to the hearsay rule, the statement made by its driver to the Jersey City police shortly following the accident, after his testimony had been attacked as a recent fabrication, through a rebuttal witness. In the first place, it is not at all clear that the driver's story was attacked as a recent fabrication, rather than merely contradicted. But more significantly, the court was quite willing to admit so much of the driver's statement as tended to substantiate his own testimony, in contradiction to that of the rebuttal witness. After going over the statement with counsel at side-bar, the court indicated that the only such contradiction that appeared was in a statement concerning rate of speed, and that statement was admitted. Counsel for the defendant apparently agreed, or at least urged no additional part of the statement as similarly admissible. It comes as something of a surprise now to hear such additional parts urged as having been erroneously excluded. And finally, even now, an examination of that which is urged as having been erroneously excluded

discloses no significant contradiction, certainly, I feel, not to such an extent as to warrant a finding of prejudicial error.

■ (3) The court denied defendant's request to charge that the jury might not consider the testimony of the plaintiff's rebuttal witness as affirmative proof with relation to a prior inconsistent statement of the defendant's driver, but only to impeach his testimony. This denial was erroneous. Though scholarly opinion is to the contrary, "[i]t is universally maintained by the courts that prior self-contradictions are not to be treated as having any substantive or independent testimonial value." 3 Wigmore on Evidence (3rd. Ed.) § 1018, p. 688; Roge v. Valentine, 280 N.Y. 268, 20 N.E.2d 751. Nevertheless, I am of the opinion that the error did not interfere with substantial justice. Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A. There was an abundance of other testimony in the case to take the place of the substantive facts in the testimony of the rebuttal witness, and that testimony was not necessary to establish defendant's negligence. Cf. Menkelunas v. City of New York, 270 App.Div. 827, 60 N.Y.S.2d 97.

■ (4) Error is specified in the following charge of the court to the jury: "Thus, if you find that [defendant's driver] saw [decedent's] car at a sufficient distance away, so that in the exercise of reasonable care he could have stopped his truck or otherwise avoided the collision but did not, you may find that his conduct was negligent." It is argued that the charge might have implied to the jury that the defendant's driver was under a duty of stopping when he first saw decedent's car, leaving out of consideration the respective locations of the cars, the traffic light situation, and other problems. If such an implication does lurk in the charge, it was placed there by counsel's device of wrenching a sentence from context, a practice against which the jury was strictly admonished. The allegedly omitted problems were adequately covered and connected into a coherent whole. It is beyond reason to assume that the jury isolated a single sentence from context to reach a conclusion foreign to the sense of the entire charge.

Defendant also moves to set aside the verdict on the ground that it was against the weight of the evidence and that it was excessive. A review of the case leaves me satisfied that there were sharp issues of fact for the jury and that the evidence permitted a finding for either party. The verdict was a large one, but not so large as to indicate that it was the result of caprice, passion, partiality, prejudice or other improper motives. The elements of damage the jury had for consideration were the decedent's earning power and loss of nurture and intellectual, moral and physical training and instruction for his child. The evidence concerning the decedent's earning power which the jury was at liberty to believe and the inferences which they could draw from it, together with the mathematically incalculable item of loss of nurture, are not an unreasonable basis for the award given. Though the verdict is large, it does not shock the conscience.

Accordingly, the motion to set aside the verdict and for a new trial will be denied.