ALEXANDER FRIEDMAN, Plaintiff, *v.* MAX BERKOWITZ, Defendant.

City Court of the City of New York, Bronx County, December 13, 1954.

*Louis Solomon* for plaintiff.

*John J. O'Connor* and *Vincent F. O'Rourke* for defendant.

Evans, J.    Plaintiff sues his father-in-law for personal injuries.    He and his wife were invited as social guests to the house of defendant, who lives in a two-family house, which has a concrete driveway, leading to a garage.    Plaintiff claims that defendant spilled part of a can of oil on this driveway, left it there for some hours, forgetfully failing to clean it up.    It was this pool of oil that caused the accident.    Defendant obligingly admitted, when called as a witness in his own behalf, everything plaintiff claimed.    It would appear, therefore, that there is no

question of fact to decide, and that even though plaintiff was a social guest, the negligence is of an affirmative nature and would justify a verdict' for plaintiff. (See *Higgins* v. *Mason,* 255 N. Y. 104; *Roth* v. *Prudential Life Ins. Co.,* 266 App. Div. 872, and *Goldstein* v. *Levy,* 266 App. Div. 786.) It is of an affirmative nature, in the sense that the pool of oil was not a danger inherent in any defect in the property, but was placed there by an affirmative act, which created an unnecessary danger.

During the course of the trial defendant was called as a witness in his own behalf. He testified against himself, and then his trial counsel offered in evidence a written statement signed by defendant, which seriously impeached, not only defendant's testimony, but plaintiff's as well. Plaintiff objected to the admission of the statement, and the question is whether it should be considered in deciding the fact.

Section 343-a of the Civil Practice Act does not completely solve the problem. It is directed towards witnesses and not parties. The Legislature did not envision a situation in which trial counsel for a party would try to contradict or impeach his own client. Where the Legislature spoke about the examination of parties as distinguished from witnesses, it said so. (Civ. Prac. Act, §§ 288, 347, 349.) In any event, the signed statement can be used only for impeachment and not as affirmative evidence. (*Menkelunas* v. *City of New York,* 270 App. Div. 827; *Underhill* v. *Slutzky,* 260 App. Div. 882.) Assuming the defendant to be thoroughly impeached, it still leaves the plaintiff's evidence technically untouched.

There are weighty reasons for not considering the signed statement. A lawyer should not be permitted to impeach his own client, when his client wishes to admit liability. The lawyer is only the agent of the client and, so long as he continues in that capacity, he must follow the directions of his client, and not prolong the litigation to test an issue between his client and a possible third party.

Of course this kind of reasoning leaves the defendant's trial counsel, who also represents an insurer, helpless to protect the insurer. Serving in a dual capacity, in order to protect the insurer, he would make a liar out of his client of record, and argue that defendant and plaintiff are in collusion to mulct the insurer. Trial counsel, when he sensed collusion, did not ask to withdraw from representing defendant in the further trial of the case, and continued to the end.

The insurer is not helpless, under these circumstances. He can disclaim liability, and test that issue in another forum. If

he wins on that issue, that would punish defendant for his collusion. But, at bar, the issue to be decided is between plaintiff and defendant, and not between defendant and his insurer.

If an insurer were not involved, and a defendant conceded liability, even though he were not liable, and wanted merely an assessment of damages by the court, there would be no reason for the court to refuse to do so. That is precisely the defendant's situation here. While it is not easy for a court to sit by and see collusion win a verdict, yet, in these days of insurance for personal injury, when trial counsel for defendant serves in a dual capacity, the orderly thing for a court to do is to refuse to try the issue of collusion and leave that to another forum, upon proper pleadings, after a fair joinder of the issue and a plenary trial. At bar, the decision would be summary and too much influenced by the written signed statement, and without hearing more that could be said on both sides.

While the injuries here were superficial in nature, they resulted in some hospitalization and loss of wages, because plaintiff was a hemophiliac, so that this accident caused more damage than it would have to a well person.

Judgment for plaintiff for $1,500. Ten days' stay. Thirty days to make a case.