█ JOHN BEISNER, Doing Business under the Name of WELCOME INN, Respondent, v. JOHN F. KELLY, Individually and as Secretary-Treasurer of Hotel and Restaurant Employees and Bartenders Union, Local 70, Appellants, et al., Defendants.— No opinion. Beldock, Kleinfeld and Pette, JJ., concur; Nolan, P. J., and Christ, J., concur in affirmance insofar as it holds: (1) that the State court has jurisdiction to determine the issues raised (cf. *Lavery's Main St. Grill* v. *Hotel & Restaurant Employees-Bartenders Union Local 288,* 146 Conn. 93), and (2) that wrongful or unlawful picketing should be enjoined; but otherwise dissent from the affirmance on the ground that under the circumstances here the injunctive provisions of the judgment are too broad, and vote to modify the judgment so as to permit peaceful picketing for any lawful objective (*Teamsters Union* v. *Vogt, Inc.,* 354 U. S. 284; *Cafeteria Union* v. *Angelos,* 320 U. S. 293; *Pennock Co.* v. *Ferretti,* 283 App. Div. 527).

█ THOMAS CORRADO, Respondent, v. FRANK C. DELZOTTI et al., Appellants.— Plaintiff was a dinner guest in a home owned by defendants, who are husband and wife. While preparing dinner, the defendant Rosemary Delzotti (who is plaintiff's daughter) spilled upon the kitchen floor some liquid from a saucer of tomatoes; she allowed the liquid to remain on the floor. Twenty minutes later the plaintiff entered the kitchen to get a glass of water. She did not warn him of the liquid; he slipped and fell on the wet portion of the floor, sustaining injuries. The accident was caused solely by the active negligence of the defendant, Rosemary Delzotti, in creating a dangerous condition during the time that plaintiff, her father, was a social guest in her home. Hence she is liable to him for the injuries which he sustained by reason of her affirmative act of negligence (*Higgins* v. *Mason,* 255 N. Y. 104, 109; *Barrett* v. *Brooklyn Hgts. R. R. Co.,* 188 App. Div. 109, affd. 231 N. Y. 605; see *Friedman* v. *Berkowitz,* 206 Misc. 889). Her husband, however, whose conduct in no way contributed to the dangerous condition or to the happening of the accident, may not be held liable for the negligence of his wife. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.