■ DOMINICK ROMANELLI, Respondent, v. ROBERT J. GORDON, Defendant, and T & J LIVERY SERVICE, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant T & J Livery Service, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered February 3, 1971, as is in favor of plaintiff and against it, upon successive jury verdicts after separate trials on the issues of liability and damages. Judgment reversed insofar as appealed from, on the

law, and new trial granted as between plaintiff and defendant T & J Livery Service, Inc., on the issue of liability only, with costs to abide the event, and action severed accordingly. The appeal did not present questions of fact. The verdict as to damages, $5,180, is held in abeyance pending the new trial, with prejudgment interest, if liability be found, to be computed as of such time (cf. *La Rocco* v. *Penn Cent. Transp. Co.*, 29 N Y 2d 666). Upon the trial of the issue of liability the court denied appellant's request to charge the jury that it was free to find that neither defendant was negligent and that the accident was unavoidable due to the inclemency of the weather. The jury found appellant liable but the codefendant not. Although there was sufficient evidence to support the jury's verdict, it was in our opinion tainted by the trial court's refusal to charge as requested, which we regard as substantial error upon the record presented. We find that the trial court properly dismissed, at the close of the entire case, appellant's affirmative defense that plaintiff's exclusive remedy is benefits under the Workmen's Compensation Law. There was no proof that plaintiff was acting within the scope of his employment at the time and place of the accident (cf. *Menkelunas* v. *City of New York*, 270 App. Div. 827; Richardson, Evidence [9th ed.], § 522, p. 532). Munder, Acting P. J., Martuscello, Shapiro and Christ, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: The proof of appellant's liability for this accident was overwhelming; there was no proof of negligence on the part of the nonappealing codefendant; and there was no proof of contributory negligence on the part of plaintiff. And on top of this factual showing that appellant, alone, was responsible for this accident, the charge to the jury, read as a whole, was actually weighted in favor of appellant. Appellant was helped, not hurt, by the error relied upon by the majority for reversal; and it consequently has no right to complain of it. Apart from that, on this record that error can and should be disregarded as immaterial.