■ WAYNE D. HERITAGE et al., Respondents, v ROBERT VAN PATTEN, Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Crangle, J.), entered February 19, 1982 in Saratoga County, which denied defendant's motion for summary judgment and granted plaintiffs' cross motion to dismiss defendant's first and second affirmative defenses. On November 1, 1979, plaintiff Wayne D. Heritage, an employee of Country Club Acres, Inc., was seriously injured in the course of his employment while working on the construction of a building for his employer. Plaintiff received workers' compensation benefits from his employer's carrier. Thereafter, plaintiff and his wife commenced an action against defendant, the owner of the realty upon which the building was being constructed, pursuant to the provisions of sections 240 and 241 of the Labor Law. Defendant, who was the sole stockholder, president and chief executive officer of Country Club Acres, Inc., set forth three affirmative defenses in his answer to the complaint and, thereafter, moved for summary judgment. Plaintiffs cross-moved to dismiss the affirmative defenses. Special Term denied defendant's motion for summary relief and granted plaintiffs' cross motion dismissing the first and second affirmative defenses.* This appeal by defendant ensued. It is undisputed that

---

* It appears from defendant's brief that he has abandoned that portion of his appeal that deals with the first affirmative defense of contributory negligence. Further, resolu-

on the date of the accident plaintiff Wayne Heritage was employed by Country Club Acres, Inc., and that legal title to the property upon which the building was being constructed was in defendant. In our view, the fact that title to the land was in defendant's name as a convenience to the corporation, in that such an arrangement made it easier to transfer title or, as alleged by plaintiffs, it constituted some kind of tax shelter for defendant, is irrelevant. In these times of complicated business arrangements, individuals are free to devise plans which inure to their financial benefit provided the applicable law is honored. Therefore, defendant, as president and chief executive officer of plaintiff Wayne Heritage's corporate employer, was a coemployee of Heritage. This relationship would appear to invoke the provisions of subdivision 6 of section 29 of the Workers' Compensation Law, which provides that: "The right to compensation or benefits under [the Workers' Compensation Law], shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ." While we agree with Special Term's conclusion that a defendant, seeking the protection of this exclusivity provision, must himself have been acting within the scope of his employment at the time plaintiff suffered his injury (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543; *Hirsch v Mastroianni*, 80 AD2d 633), we disagree with the holding below that the record owner of land upon which an accident occurs, causing injury to a coemployee of such owner, cannot escape liability under sections 240 and 241 of the Labor Law unless he commits some active wrong that directly contributes to the accident and injury. Such a view does not comport with the legislative intent as evinced by the language employed in subdivision 6 of section 29 of the Workers' Compensation Law. The fact that an injured employee's right to compensation or benefits shall be exclusively those provided for in the Workers' Compensation Law when such employee is injured by "the negligence or wrong of another in the same employ" (Workers' Compensation Law, § 29, subd 6), not only prevents suit against the employer (see Workers' Compensation Law, § 11), but against a coemployee as well who, acting within the scope of his employment, caused the injury. Here, defendant is a coemployee of plaintiff Wayne Heritage, and we find that defendant, as owner of the land, committed a "wrong" within the meaning of subdivision 6 of section 29 of the Workers' Compensation Law by failing to provide the appurtenances required by sections 240 and 241 of the Labor Law to protect against accident and injury to his coemployee. Accordingly, we conclude that Special Term erred in not granting summary judgment in favor of defendant dismissing the complaint. Order reversed, on the law, with costs, defendant's motion for summary judgment granted, and complaint dismissed. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.

tion of this matter turns on Special Term's denial of defendant's motion for summary judgment which is solely dependent on the third affirmative defense which invokes the provisions of subdivision 6 of section 29 of the Workers' Compensation Law.