GEORGE LINDNER et al., Respondents, v KEW REALTY Co. et al., Defendants and Third-Party Plaintiffs-Appellants. F. W. KOEHLER & SONS, INC., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; et al., Fourth-Party Defendant.

Second Department, October 21, 1985

### APPEARANCES OF COUNSEL

*Rivkin, Leff, Sherman & Radler* (*Frank L. Amoroso* and *David P. Franks* of counsel), for defendants and third-party plaintiffs-appellants.

*Courtney & Courtney* (*William J. Courtney* of counsel), for respondents.

**OPINION OF THE COURT**

GIBBONS, J. P.

■ We are called upon on this appeal to review the propriety of Special Term's denial of a cross motion by the defendants third-party plaintiffs (hereinafter the defendants) to amend their answer to include the affirmative defense of workers' compensation, and for dismissal of the amended complaint on that ground. Workers' Compensation Law § 29 (6) pertinently provides that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ." The primary question to be determined herein is whether defendants, the partnership owner of the premises under construction and its individual partners, are protected by this provision against the liability imposed upon owners by Labor Law §§ 240 and 241 by virtue of the fact that one of the partners, Frederick W. Koehler, Jr., is also the president of the injured plaintiff's corporate employer. It is our determination that, under the circumstances of this case, only Frederick W. Koehler, Jr., the "co-employee" of plaintiff, was immune from liability under the Workers' Compensation Law, and entitled to summary judgment. The remaining defendants are not "in the same employ" as the injured plaintiff, and Special Term was therefore correct in denying so much of the cross motion which was to amend their answer to assert the affirmative defense of workers' compensation.

On March 30, 1979, plaintiff George Lindner (hereinafter the plaintiff) was injured in a fall from a broken scaffold during the course of his employment by F. W. Koehler and Sons, Inc. (hereinafter FWK), in the construction of a building owned by Kew Realty Co. (hereinafter Kew Realty). He was awarded workers' compensation benefits on November 8, 1979. In 1980 Lindner and his wife commenced the instant personal injury action against Kew Realty predicated on the latter's breach of the statutory duty imposed upon owners by Labor Law §§ 240 and 241 to ensure that the scaffolding employed at a worksite is properly constructed. On or about July 1, 1980, Kew Realty commenced a third-party action against plaintiff's employer (FWK), seeking indemnification on the ground, *inter alia*, that FWK had entered into an agreement with Kew Realty to act as general contractor on the project. At an examination before trial conducted on October 27, 1980, the

plaintiffs apparently learned for the first time that Kew Realty was a partnership consisting of three equal partners and, by leave of court, served a supplemental summons and amended complaint, dated February 10, 1981, naming "Kew Realty Co. a partnership, Frederick W. Koehler, Jr., Eugene Koehler and William Tyree" as defendants. It is not disputed that proper service was made upon the partnership, and that the individual partners Frederick W. Koehler, Jr., and William Tyree were personally served. Apparently, however, Eugene Koehler had died before leave was obtained to serve a supplemental summons and amended complaint, and therefore he was never served with process in this action. Thereafter, the defendants Kew Realty, Frederick W. Koehler, Jr., and William Tyree undertook to serve an amended third-party complaint upon FWK, dated June 16, 1981, which differed in substance from the original pleading only insofar as it asserted that FWK had entered into an agreement to perform services with regard to the construction of the subject building, but did not contend that the agreement had been made with Kew Realty. FWK subsequently counterclaimed against Kew Realty for indemnification and/or contribution, and on or about March 10, 1983, served a fourth-party complaint upon Dominion Construction Co. (hereinafter Dominion), alleging that the latter, and not FWK, was the general contractor.

In April of 1983, plaintiffs apparently moved for summary judgment against the defendants, whereupon the latter cross-moved for summary judgment against the third-party defendant FWK. In support of their cross motion, the defendants submitted affidavits by the two surviving partners, Frederick W. Koehler, Jr., and William Tyree, in which it was stated, *inter alia,* that:

"4. Kew Realty Co. had no persons or employees involved in any way with the construction or erection of [the] building. All work was done by Dominion Construction Co. and its contractors. Kew Realty exercised no direction, supervision or control of any kind at the work site. All work including the safety at the site was delegated to Dominion Construction Co. and its contractors.

"5. One of the contractors was F.W. Koehler & Sons, Inc., the third-party defendant. F.W. Koehler & Sons, Inc. was to do, and did, the masonry work on the building". By order dated April 29, 1983 (McCarthy, J.), the motion and cross motion were both denied, based on Special Term's conclusion that there existed triable issues of fact, regarding whether the

scaffold in question was defectively constructed and whether the alleged defect had, in fact, caused plaintiff's fall. Defendants thereafter served a second third-party complaint upon Dominion. At no time prior to August 1983 did any of the defendants or the third-party defendant assert the defense of workers' compensation, nor was it pleaded that there was any relationship whatsoever between Kew Realty Co., FWK and/or Dominion. Trial was scheduled for September 15, 1983.

On July 7, 1983, the Court of Appeals affirmed the decision of the Appellate Division, Third Department, in *Heritage v Van Patten* (90 AD2d 936, *affd* 59 NY2d 1017), holding that a landowner who was also the president and sole shareholder of plaintiff's employer was, for purposes of workers' compensation, a coemployee, and, hence, immune from the liability imposed by Labor Law § 241 for injuries sustained during the course of plaintiff's employment (Workers' Compensation Law § 29 [6]). Subsequently, by notice of motion dated August 25, 1983, FWK, the third-party defendant, sought dismissal of the main complaint on the ground that it failed to state a cause of action (CPLR 3211 [a] [7]), and submitted in support thereof an affidavit by Frederick W. Koehler, Jr., in which it was stated, *inter alia,* that at all times relevant to this action he was a partner in Kew Realty, as well as the president of both the general contractor Dominion, and plaintiff's employer FWK, the masonry subcontractor. Accordingly, it was argued by the movant that under the Workers' Compensation Law, as construed by the Court of Appeals in *Heritage v Van Patten* (*supra*), plaintiff could not maintain the present action against Kew Realty because of the coemployee status of one of the partners, Frederick W. Koehler, Jr., in his capacity as the president of FWK. Thereafter, by notice of cross motion dated August 31, 1983, the defendants sought leave to amend their answer to assert the affirmative defense of workers' compensation (Workers' Compensation Law § 29 [6]) and moved for dismissal of the complaint on that ground. Incorporating the exhibits which were annexed to the third-party defendant's motion, counsel for the defendants argued that an amendment of an answer to assert the affirmative defense of workers' compensation could be made at any time during the action and that based upon the undisputed facts, plaintiffs' personal injury action is barred by the exclusive remedy provision of the Workers' Compensation Law (Workers' Compensation Law § 29 [6]).

Plaintiffs' opposition to the motion and cross motion rested

on two principal grounds. First, it was contended that the inconsistencies in defendants' factual allegations had prejudiced the plaintiffs and rendered the granting of summary judgment dismissing the complaint inappropriate. Specifically, plaintiffs pointed to the fact that defendants Frederick W. Koehler, Jr., and William Tyree had initially stated that Kew Realty had no persons or employees involved in the direction, control, or supervision of the worksite, but that Frederick W. Koehler, Jr., had not admitted to being the president of plaintiff's employer, FWK. Moreover, defendants had initially represented that FWK was the general contractor, but now, after the Statute of Limitations had run, belatedly asserted that Dominion rather than FWK was the general contractor on the project. Second, plaintiffs' attorney argued that the *Heritage* decision was not controlling in that (1) the defendant in *Heritage* (*supra*) had specifically pleaded the affirmative defense, while, at bar, the defendants denied the existence of any employment relationship with the plaintiff, and (2) the ownership of the premises in *Heritage* lay solely with the employer's principal, in his individual capacity, while, at bar, the ownership resides in a partnership, and only one of the partners claims to be a coemployee of the plaintiff. In a reply affirmation, counsel for the defendants asserted, *inter alia*, that it was not inaccurate for Koehler and Tyree to have stated that Kew Realty had no persons involved in the building's construction, because Frederick W. Koehler, Jr., was not involved in his capacity as a partner. In further support of their motion and cross motion, counsel for FWK and the counsel for Kew Realty, in separate affirmations, referred to an affidavit by Frederick W. Koehler, Jr., dated October 4, 1983, in which he stated that he was the president and a 50% shareholder of FWK, and that the other 50% shareholder of FWK was Eugene Koehler, who was also a partner in Kew Realty. Counsel for Kew Realty also noted that Eugene Koehler was deceased.

Special Term denied the motion and cross motion by an order dated February 8, 1984, in which it expressed the view that the relationship of the parties was indistinguishable from that which existed in *Heritage v Van Patten* (59 NY2d 1017, *supra*), and that if the affirmative defense of workers' compensation was pleaded by Kew Realty, it would be dispositive and mandate dismissal of plaintiffs' complaint. Treating the motion as one, *inter alia*, for summary judgment based upon an unpleaded defense, Special Term declined to permit the defen-

dants to amend their answer because it believed that the plaintiffs would be unduly prejudiced thereby. The prejudice upon which Special Term relied in reaching this determination was that the defendants' failure to plead the affirmative defense of workers' compensation in their answer resulted in the plaintiffs' failure to bring a timely common-law action against Dominion, because they failed to learn of the latter's status as general contractor until after the applicable Statute of Limitations had run.

FWK subsequently moved for leave to reargue and the defendants cross-moved for the same relief alleging through their respective attorneys that plaintiff could not maintain an action against Dominion because Frederick W. Koehler, Jr., is also its president, and, thus, it was irrelevant that the Statute of Limitations had run. Counsel for Kew Realty Co. further argued that the defendants had no duty to affirmatively advise the plaintiffs of Dominion's status in connection with the project, and that the prejudice found by Special Term was not traceable to any omission in their pleadings. In an order dated May 4, 1984, Special Term denied the motion and cross motion, observing that an action against Dominion, a distinct corporate entity, was not an action against its president, whereas an action against the partnership, Kew Realty Co., was in effect, an action against the individual partners. In addition, the court observed that the relationship of the parties had been misrepresented to the plaintiffs and that the belated disclosure that Dominion was the general contractor and that Frederick W. Koehler, Jr., was its president suggested a calculated effort to divert plaintiffs' attention away from a potential defendant who was not immune from suit.

Special Term's order dated February 8, 1984, should be modified so as to grant summary judgment to defendant Frederick W. Koehler, Jr., in his individual capacity which is subject to several liability for the torts of the partnership. We affirm Special Term's denial of the remainder of the cross motion which sought to amend the answer of the defendants to assert the affirmative defense of workers' compensation on behalf of the other defendants, and for dismissal of the complaint as against them on said ground. We reach this result as to the remaining defendants, however, not because of the prejudice which Special Term perceived would result from the belated amendment, but, rather, because of our determination that the undisputed facts herein do not support the availability of the prospective defense. We note at the outset that the

record herein is devoid of any indication that the estate of Eugene Koehler has been made a party to this action. Thus, the effect of our determination is necessarily limited to Kew Realty, the partnership, and the individual partners Frederick W. Koehler, Jr., and William Tyree, the latter two having been personally served in this action.

It is well settled that prejudice sufficient to defeat a motion for leave to amend an answer must be traceable to the omission from the original pleading of the subject matter of the proposed amendment, and a showing that the claimed loss of right or change of position could have been avoided had the original pleading contained the matter which is now sought to be added (see, e.g., Wyso v City of New York, 91 AD2d 661, 662). Applying the foregoing logic to the facts at bar, it appears that the plaintiffs' failure to commence a timely action against the general contractor, Dominion, is traceable solely to their ignorance of the latter's status on the project, and while we strongly criticize defendants' lack of candor in erroneously representing to the plaintiff that FWK was the general contractor, we cannot conclude, with any degree of certainty, that the plaintiffs would have become aware of Dominion's status within the statutory period if the defendants had merely pleaded the affirmative defense of workers' compensation in their answer. Thus, plaintiffs' failure to sue Dominion is not directly traceable to the challenged omission in such a way as to warrant abrogation of the liberal rule regarding the amendment of pleadings espoused in CPLR 3025 (b), or to call forth the exception to the rule that the affirmative defense of workers' compensation may be asserted in an action virtually at any time (Murray v City of New York, 43 NY2d 400, 406-407; Malone v Jacobs, 88 AD2d 927). While plaintiffs may justifiably claim surprise at the belated raising of this affirmative defense, their previous ignorance is alone insufficient to render inoperative the exclusive remedy provision of Workers' Compensation Law § 29 (6), which can only be waived "by a defendant ignoring the issue to the point of final disposition itself" (Murray v City of New York, supra, at p 407).

Labor Law §§ 240 and 241 impose a nondelegable duty upon all owners and contractors to provide certain safe appurtenances and a safe place to work for all of the employees at a construction site. In so providing, it was the apparent intention of the Legislature to place the ultimate responsibility for injury on those who are in the best position to ensure the

safety of the workplace, and to discourage what might otherwise be an unfortunate tendency to opt for cost efficiency at the expense of safety (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *Rocha v State of New York,* 45 AD2d 633, *lv denied* 36 NY2d 642; 1969 NY Legis Ann, at 407). Thus, an owner's duty to ensure that the scaffolding employed at a worksite is constructed, placed, and operated so as to give proper protection to the employees (Labor Law § 240) is wholly independent of the owner's actual control or supervision of the workplace (*Haimes v New York Tel. Co., supra,* at p 136; *Allen v Cloutier Constr. Corp., supra,* at p 300).

Nevertheless, the exclusive remedy of an employee for injuries sustained through the negligence of another in the same employ is workers' compensation (Workers' Compensation Law § 29 [6]), and the responsibility of an employer in such circumstances is to secure appropriate workers' compensation coverage for injured employees (Workers' Compensation Law § 11). Where an owner is also the injured plaintiff's employer, the rule on liability is, in net, altered, but this is not because the duties imposed on the owner by Labor Law §§ 240 and 241 are in any way affected by the exclusive remedy provisions of the Workers' Compensation Law. Rather, the obligation of the owner to provide a safe workplace is simply held to be an inseparable subcategory of that complex of obligations which arise in connection with the employment relation (*Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 160), and the liability for such violations is said to be merged with and subsumed by "the employer's general liability under the Workers' Compensation Law, which is made 'exclusive and in place of any other liability whatsoever' by section 11 thereof" (*Pagano v Colonial Sand & Gravel Co.,* 75 AD2d 578).

In this case, it is the defendants' position that Frederick W. Koehler, Jr., is the plaintiff's coemployee by virtue of his status as president of the plaintiff's employer, FWK. Accordingly, plaintiff's receipt of workers' compensation benefits is said to preclude his recovery of any further damages, since he is statutorily barred from maintaining a common-law action against his coemployee for injuries sustained through the latter's neglect (Workers' Compensation Law § 29 [6]). Hence, argue the defendants, plaintiff is also precluded from maintaining a common-law cause of action against Kew Realty predicated on the latter's breach of its statutory duty as owner of the premises to provide a safe workplace, since such

an action would, in effect, be seeking a recovery for the neglect of Frederick W. Koehler, Jr., a coemployee. However, we cannot accept the twofold premise upon which the defendants' argument is apparently based, as we are unable to conclude (1) that the partnership's breach of its statutory duty as an owner under the applicable provisions of the Labor Law is indistinguishable from the negligence of Frederick W. Koehler, Jr., acting in a capacity other than that of partner, and (2) that the extent of the liability of Kew Realty, the partnership owner, is subsumed by and limited to that of FWK, plaintiff's corporate employer. The basis for our rejection of defendants' position can best be illustrated through a discussion of the distinctions between the facts at bar and those which existed in *Heritage v Van Patten* (90 AD2d 936, *affd* 59 NY2d 1017, *supra*), upon which the defendants primarily rely.

A careful review of the Third Department's decision in *Heritage v Van Patten* (*supra*) reveals that the defendant therein, Robert Van Patten, was the sole stockholder, president, and chief executive officer of Country Club Acres, plaintiff's employer. In addition, title to the property on which the plaintiff was injured was held by Van Patten in his individual capacity. The plaintiff in *Heritage* was injured during the course of his employment while working on the construction of a building located on property owned by Van Patten and ultimately recovered workers' compensation benefits. Thereafter, he sought recovery from Van Patten, as the landowner, predicated on his alleged violation of Labor Law §§ 240 and 241. The Third Department dismissed the complaint on the ground that workers' compensation was the exclusive remedy of an employee injured through the negligence of another in the same employ. In affirming, the Court of Appeals, *inter alia,* paraphrased the language in *Williams v Hartshorn* (296 NY 49, 50-51), and stated: "[r]egardless of his status as owner of the premises where the injury occurred, Van Patten remains a coemployee in his relations with plaintiff in all matters arising from and connected with their employment" (*Heritage v Van Patten,* 59 NY2d 1017, 1019, *supra*). However, the "wrong" which Van Patten allegedly committed was his failure to provide the appurtenances required for safety as mandated by Labor Law §§ 240 and 241 (*Heritage v Van Patten,* 90 AD2d 936, 937, *supra*), a duty which was directly connected to his employment relationship with the plaintiff, and, therefore, clearly fell within that complex of duties which

arise out of the employment relation (*see, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 160, *supra*).

By way of contrast, it has been the consistent position of the defendants at bar that Kew Realty had no involvement whatsoever in the employment of the injured plaintiff, and thus, its duty as landowner was separate and distinct from that complex of duties which was owed to the plaintiff by his employer, FWK. Under these circumstances, it is of no legal significance to the partnership that one of the partners of Kew Realty may have been a coemployee of the plaintiff.

In *Williams v Hartshorn* (*supra*), the Court of Appeals held that the exclusivity of workers' compensation benefits precluded a plaintiff's estate from bringing a common-law cause of action against the owner of the land on which he was injured, where the owner of the land also happened to be a member of the partnership which employed the plaintiff. Inasmuch as a partnership generally is not to be regarded as a separate jural entity distinct from the persons who compose it, each of the members of the partnership in that case was properly viewed as the decedent's employer, and thus held to fall within the statutory protection afforded by the Workers' Compensation Law. We see a vast distinction between the instant relationships and those which existed in *Heritage* (*supra*) and *Williams.*

In each of the foregoing cases, the ownership of the property on which the plaintiff was injured reposed in an individual who was also the plaintiff's employer, and there was no owner of land who was not also a coemployee. Thus, in both of these cases, the duty of the owner towards the injured employee merged into and was subsumed by his duties as the employer. The ownership at bar, however, resides in a partnership composed of at least one member, William Tyree, who had no involvement with plaintiff's employer (FWK), and thus cannot be considered a coemployee of the plaintiff. Clearly, the mere fact that each individual member of a partnership acquires certain rights and liabilities by virtue of this association does not, ipso facto, make the converse true, i.e., that each of the partners brings to and endows the partnership with all of the rights, liabilities and immunities which may be possessed in an individual capacity as a result of business transactions outside the partnership form. Thus, the fact that Frederick W. Koehler, Jr., is a coemployee of the plaintiff in his status as an officer of FWK does not make the partnership, Kew Realty, a coemployee of the plaintiff, nor does it insulate the latter

from the liability imposed on the owners of premises by Labor Law §§ 240 and 241.

In this regard, we are not persuaded by defendants' reliance upon the principle that Frederick W. Koehler, Jr., may not be considered a "dual legal personality" (see, Modern Status: "Dual Capacity Doctrine" as Basis for Employee's Recovery from Employer in Tort, Ann., 23 ALR4th 1151; cf. Williams v Hartshorn, 296 NY 49, supra). That principle, insofar as it is applicable here, applies only to the individual partner Frederick W. Koehler, Jr., who as a coemployee is immune from liability under the Workers' Compensation Law. William Tyree, on the other hand, is not a coemployee of plaintiff, and his acts or omissions may bind the partnership. Partnership Law § 24 pertinently provides: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership * * * loss or injury is caused to any person, not being a partner in the partnership * * * the partnership is liable therefor to the same extent as the partner so acting or omitting to act." Accordingly, defendant William Tyree's "wrongful" omission under Labor Law §§ 240 and 241 binds the partnership, and under ordinary circumstances would bind all the partners, including defendant Frederick W. Koehler, Jr. "When a tort is committed by the firm, the wrong is imputable to all of the partners jointly and severally, and an action may be brought against all or any of them in their individual capacities (Partnership Law, §§ 24-26; Sugarman, Partnership [4th ed.], § 198) or against the partnership as an entity (CPLR 1025)" (Pedersen v Manitowoc Co., 25 NY2d 412, 419). Here, however, the immunity of Frederick W. Koehler, Jr., from personal liability as a coemployee is not defeated by his additional capacity as a partner subject to joint and several liability under the Partnership Law. Notwithstanding an injured party's right to choose those against whom joint and several liability is to be enforced, in the context of a partnership that right "does not embrace a power to impose liability against one to whom the law grants immunity" (Caplan v Caplan, 268 NY 445, 449). Accordingly, Frederick W. Koehler, Jr., remains personally immune from liability, notwithstanding his status as a partner in Kew Realty.

Although Kew Realty would not be liable for the torts committed by a partner who is immune, the freedom from liability of all the partners in such case is "not an extension of the personal immunity of the erring partner" (Caplan v Caplan, supra, at p 451). Rather, it is a result of the limitation

on liability of a partnership for a partner's acts "as defined" by Partnership Law § 24, i.e., the partnership is limited in liability "to the same extent as the partner so acting or omitting to act" (*Caplan v Caplan, supra,* at p 452). Such distinction is crucial where, as here, all the partners omitted to act. Under these circumstances the partnership is bound and liable to the same extent as those partners who were not immune from liability.

In sum, since the owner of the premises, Kew Realty, disclaimed any involvement in the plaintiff's employment and is a partnership composed of at least one member who had no employment relationship with the plaintiff, it cannot be said that the duties of the owner were inseparable from the duties of the employer, or that the former were merged into and subsumed by the latter (*cf. Mastey v Mancusi,* 122 Misc 2d 119). Accordingly, although we reject the basis upon which Special Term relied in denying the cross motion to amend the answer, we, nevertheless, conclude that the legal insufficiency of the proffered affirmative defense mandates denial of the cross motion insofar as it seeks dismissal of the complaint as against defendants Kew Realty and William Tyree.

Finally, the appeal from the order dated May 4, 1984, denying reargument, should be dismissed since no appeal lies to this court from an order denying reargument.

The order dated February 8, 1984, should be modified by deleting the provision thereof denying that branch of the defendants' cross motion which was for leave to amend their answer to assert the defense of workers' compensation on behalf of defendant Frederick W. Koehler, Jr., and thereupon for summary judgment dismissing plaintiffs' complaint as to him, and substituting therefor a provision granting that branch of that cross motion. As so modified, the order dated February 8, 1984, should be affirmed insofar as appealed from.

The appeal of the third-party defendant fourth-party plaintiff F. W. Koehler & Sons, Inc., from the order dated February 8, 1984, should be dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]).

O'CONNOR, NIEHOFF and LAWRENCE, JJ., concur.

Appeal of the third-party defendant fourth-party plaintiff F. W. Koehler & Sons, Inc., from an order of the Supreme Court, Suffolk County, dated February 8, 1984, dismissed, without costs or disbursements, for failure to perfect the same

in accordance with the rules of this court (22 NYCRR 670.20 [f]).

On appeal by the defendants third-party plaintiffs Kew Realty Co., Frederick W. Koehler, Jr., and William Tyree, from the order dated February 8, 1984, said order modified by deleting therefrom the provision denying so much of their cross motion as sought to amend their answer to assert the defense of workers' compensation on behalf of Frederick W. Koehler, Jr., and thereupon for summary judgment dismissing the complaint as to him, and substituting therefor a provision granting that branch of said cross motion. As so modified, order affirmed insofar as appealed from by said defendants third-party plaintiffs, without costs or disbursements.

Appeal from an order of the same court, dated May 4, 1984, dismissed, without costs or disbursements.