OPINION OF THE COURT
John Copertino, J.
In this action for damages for violations of Labor Law § 240, the court is called upon to decide whether an action may be maintained pursuant to that statute against owners who own the premises as tenants by the entirety where one of the owners is also the employer of the plaintiff.
The undisputed facts are as follows. Defendants James Eklund and Linda Eklund own a home at 59 South Midway Road, Shelter Island Heights, New York. In 1984, a two-story addition to the home was constructed by Reich and Eklund Construction Company, a partnership owned by defendant James Eklund and second third-party defendant Peter Reich.
On or about October 13, 1984, plaintiff Matthew Senken was hired on behalf of the partnership by defendant James Eklund to perform work on the premises. That same day, plaintiff fell from the roof of the premises and was severely injured. As a result of the plaintiff’s injuries, he received workers’ compensation benefits through the partnership.
Defendants James Eklund and Linda Eklund now move for summary judgment on the ground that plaintiff’s only remedy lies in workers’ compensation. Defendants Eklund contend that Workers’ Compensation Law § 29 (6), which provides that this law is the employee’s exclusive remedy "when such employee is injured or killed by the negligence or wrong of another in the same employ”, and the cases interpreting that section, mandate that summary judgment be granted in favor of defendant James Eklund. Defendants also contend that summary judgment should be granted in favor of defendant Linda Eklund. Defendants advance several bases for the latter contention. First, they assert that pursuant to Naso v Lafata (4 NY2d 585), Mrs. Eklund should receive the benefit of her husband’s immunity under Workers’ Compensation Law § 29 because there was no active negligence on her part. Second, they claim that Mrs. Eklund was employed by Reich and Eklund Construction Company, which made her a coemployee of plaintiff in her own right, thus entitling her to immunity *813 pursuant to Workers’ Compensation Law § 29. Finally, defendants assert that she falls within Labor Law § 240 (l)’s exemption for "owners of one and two-family dwellings who contract for but do not * * * control the work”.
Plaintiff disputes Mrs. Eklund’s claim that she was employed by Reich and Eklund Construction Company and that the one- and two-family dwelling exception applies. Moreover, plaintiff asserts that this case is distinguishable from other cases involving owner immunity because the premises are owned by the Eklunds as tenants by the entirety and therefore "their duties and liabilities are [to be] construed as one. ”
Initially, the court finds triable issues of fact with respect to both Mrs. Eklund’s employment with the partnership and the one- and two-family home exception to Labor Law § 240. Consequently, given the presence of such issues summary judgment must be denied defendant Linda Eklund based upon these theories (see, e.g., Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065).
The court now turns to the other grounds advanced by defendants on this motion. A review of applicable case law is useful. In Heritage v Van Patten (90 AD2d 936), the plaintiff was in the employ of Country Club Acres, Inc. and was injured while constructing a building. Plaintiff received workers’ compensation benefits from his employer’s carrier. Thereafter, plaintiff commenced an action against defendant as owner of the premises pursuant to Labor Law §§ 240 and 241. It happened that the defendant was also sole stockholder, president and chief executive officer of plaintiff’s employer, Country Club Acres, Inc. The court dismissed the complaint against the defendant on the grounds that defendant "as president and chief executive officer of plaintiff[’s] * * * employer, was a coemployee of * * * [plaintiff].” (Supra, at 937.) Therefore, Workers’ Compensation Law § 29 (6), which states that workers’ compensation shall be the exclusive remedy "when such employee is injured or killed by the negligence of another in the same employ”, barred the suit.
Lindner v Kew Realty Co. (113 AD2d 36), decided by the Second Department, involved a similar factual scenario. In Lindner, the injured worker received workers’ compensation as a result of "a fall from a broken scaffold during the course of his employment by F. W. Koehler and Sons, Inc. * * * in the construction of a building owned by Kew Realty Co.” (Supra, at 37.) The plaintiff then commenced an action against *814 Kew Realty Co. "predicated on [Kew Realty’s] breach of [its] statutory duty imposed upon owners by Labor Law §§ 240 and 241 to insure that the scaffolding employed at a worksite is properly constructed.” (Supra, at 37.) Kew Realty Co. was a partnership consisting of three equal partners, one of them being Frederick W. Koehler, Jr., president of F. S. Koehler and Sons, Inc. At least one of the other partners "had no involvement with plaintiff’s employer [F. W. Koehler and Sons, Inc.], and thus cannot be considered a coemployee of the plaintiff.” (Supra, at 45.)
The court found liability on the part of the partnership while holding the individual partner, Frederick W. Koehler, immune from suit. The court reasoned that ”[w]here an owner is also the injured plaintiff’s employer, the rule on liability is, in net, altered, but this is not because the duties imposed on the owners by Labor Law §§ 240 and 241 are in any way affected by the exclusive remedy provisions of the Workers’ Compensation Law. Rather, the obligation of the owner to provide a safe workplace is simply held to be an inseparable subcategory of that complex of obligations which arise in connection of the employment relation * * * and the liability for such violations is said to be merged with and subsumed by 'the employer’s general liability under the Workers’ Compensation Law, which is made "exclusive and in place of any other liability whatsoever” by section 11 thereof ”. (Supra, at 43.)
In the case at bar, the property is held by defendants not as partners, but as tenants by the entirety; nevertheless, the Lindner rationale (supra) still applies. Labor Law § 240 imposes a duty upon both Mr. Eklund and Mrs. Eklund, as owners of the premises, to provide a safe work site. However, Mr. Eklund’s specific liability under the Labor Law is merged with and subsumed by his general liability as an employer under the Workers’ Compensation Law, while Mrs. Eklund’s liability under Labor Law § 240 remains intact as an owner.
It long has been held that Labor Law § 240 is to be construed as liberally as possible in order to protect workers from injury (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521). This policy is furthered by holding Mrs. Eklund, the noncoemployee owner, liable under the Labor Law.
Movants’ position that summary judgment should be granted in favor of Mrs. Eklund under the guidelines of Naso v Lafata (supra) and Corrado v Delzotti (15 AD2d 527) because she was not actively negligent is without merit.
*815 In Corrado (supra), defendants husband and wife were sued by a social guest who, while in the defendants’ home, slipped and fell on a spill on the kitchen floor caused by the defendant wife. The court stated that each spouse is liable for his or her own tort, and, finding that the husband’s conduct in no way contributed to the dangerous condition or to the happening of the accident, dismissed the case against him. Unlike Corrado, where only one spouse was a tort-feasor, the instant case involves a statute that imposes strict liability on all owners (Zimmer v Chemung County Performing Arts, supra). Therefore even under Corrado a violation of Labor Law § 240 renders both spouses liable inasmuch as both would have breached the statutory duty and each would be responsible for his or her own tort. However, and as stated earlier, Mr. Eklund’s liability would be merged with and subsumed by his duties under the Workers’ Compensation Law, while Mrs. Eklund would remain liable in her own right.
Naso v Lafata (supra) does not suggest that Mrs. Eklund should benefit from her husband’s immunity. Naso involved the exclusivity of workers’ compensation remedy in the context of the vicarious liability imposed on owners of motor vehicles pursuant to what is now Vehicle and Traffic Law § 388. In Naso, plaintiff was injured when riding as a passenger owned by the corporate employer’s president and driven by a coemployee. The court held that workers’ compensation was the exclusive remedy and exempted the owner from further liability. However, movants’ argument that Mrs. Eklund, like the automobile owner, was not actively negligent and should be exempted therefor ignores the difference between the vicarious liability imposed by Vehicle and Traffic Law § 388 and the absolute liability imposed by Labor Law § 240. The Vehicle and Traffic Law imposes liability without imposing any concomitant duty, while Labor Law § 240 imposes a duty on all owners to provide certain safeguards. If Mrs. Eklund breached that duty, the Labor Law makes her liable for any injuries that resulted therefrom.
Moreover, the holding in Naso (supra) was designed to protect the coemployee driver from a claim by the vicariously liable owner: "Were we to allow plaintiff * * * to recover against the owner of the automobile * * * then * * * [the owner] would be entitled to recover over against plaintiff’s fellow employee * * *. Under such a holding the fellow employee would be afforded less than complete protection, and the legislative purpose in adopting subdivision 6 of section 29 *816 of the Workmen’s Compensation Law would, thereby, be thwarted” (4 NY2d, supra, at 591). Clearly, this concern is absent in the present case because Mrs. Eklund does not possess a claim over against Mr. Eklund under any statutory scheme akin to the one which exists under the Vehicle and Traffic Law. Unlike the vehicle owner in Naso, and as is described in some detail above, Mrs. Eklund’s liability to the injured party rests on her own duty to such party, separate and apart from that of the individual immunized by the Workers’ Compensation Law.
Accordingly, summary judgment is granted in favor of defendant James Eklund. Defendant Linda Eklund cannot benefit from her husband’s immunity from suit under the Workers’ Compensation Law. Instead, she must demonstrate that she is entitled to some exemption from liability in her own right. This has not been accomplished. Because triable issues of fact exist with respect to her status as an employee of the partnership (which might establish her claim as plaintiff’s coemployee) and her right to claim the one- and two-family home exemption to Labor Law § 240, summary judgment cannot be granted in favor of defendant Linda Eklund.