■ ANTHONY C. J. SEUDATH et al., Respondents, v DOROTHY MOTT et al., Appellants, et al., Defendant. [609 NYS2d 319] —In an action to recover damages for personal injuries, etc., the defendants Dorothy Mott, Ardore Management, Inc., and Robert Mott appeal from so much of an order of the Supreme Court, Queens County (Smith, J.), dated May 11, 1992, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them, on the ground that the plaintiffs' remedy was under the Workers' Compensation Law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff Anthony Carlyle Joseph Seudath was injured by an electrical fire while attempting to repair a circuit breaker in an apartment building owned by the defendant Dorothy Mott and her husband Arthur Mott. At the time of the accident, Mr. Seudath had been employed as a superintendent of the building. According to the plaintiffs, the accident occurred when the building's circuit breaker exploded while Mr. Seudath was attempting to repair it during a power outage. Mr. Seudath was awarded Workers' Compensation benefits and the Workers' Compensation Board named Arthur Mott as his employer. After accepting the Workers' Compensation benefits, Mr. Seudath commenced this action against Dorothy Mott, the building's owner, Robert Mott, as managing agent, Ardore Management, Inc., manager of the premises, and Russ Gusta, an electrician who is not a party to the present appeal. The appellants moved for summary judgment dismissing the complaint insofar as it is asserted against them on the ground that the plaintiffs were barred from recovery by the exclusive remedy provision of the Workers' Compensation Law § 29 (6).

Contrary to the determination of the Supreme Court, we find that Arthur Mott clearly acted as an agent of his wife when he hired Mr. Seudath as superintendent to repair and maintain the very premises which he and his wife Dorothy Mott owned as tenants by the entirety *(see, Kozecke v Humble Oil & Refining Co.,* 46 AD2d 986; *Noel v Kinney,* 106 NY 74, 78).* Accordingly, Mrs. Mott should receive the benefit of her husband's immunity under Workers' Compensation Law § 29. *Lindner v Kew Realty Co.* (113 AD2d 36) which was cited by the Supreme Court, does not require a different result. *Lindner (supra)* stands for the proposition that an employment relationship undertaken by a partner in his individual capacity as a contractor, does not, in and of itself, confer immunity from suit to the partnership which owned the premises.

As to the remaining appellants, the plaintiffs' complaint names them as the managing agents of the premises and states that they "operated", "maintained", and "controlled" the premises. Thus, the remaining appellants are either coemployees or special employers of Mr. Seudath. In either case, the action against them is barred by the Workers' Compensation Law *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553).* Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.