■ In the Matter of the Claim of JOSEPH GRIGOLI, Respondent, against ANTHONY NITO, Doing Business as ANTHONY NITO & SON, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision of Workmen's Compensation Board finding the relationship of employer-employee and not independent contractor. Claimant was employed by G. B. Manino and because of the odd and irregular hours of his employment he was able to do extra work for Anthony Nito, doing business as Anthony Nito & Son, a noninsured employer, delivering grapes for which he received five cents per box. He used the truck of his other employer, Manino, with his permission and paid for the gas, oil and other incidentals. Nito gave claimant the names and addresses of customers to receive the grapes and he would on some occasions collect money at the time of delivery. Part of the time he was furnished with a helper, paid for by Nito. While delivering grapes on October 25, 1956 he fell, injuring his leg. The board found the relationship of employer-employee between the parties. In compensation cases, the principal factors to be considered in determining relationship are right to control, method of payment, furnishing of equipment, right to discharge and the so-called relative nature of the work test. Employment can

often be established on the basis of one of these factors alone. (See 1 Larson, Workmen's Compensation Law, § 44.31; *Matter of Klein* v. *Sunrise Bldg. Co.*, 7 A D 2d 805, motion for leave to appeal denied 5 N Y 2d 711.) While the board made a negative finding "he was not an independent contractor", there was evidence in the record to establish control, method of payment and furnishing a coemployee. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 64.) Decision and award unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.