■ BERNARD CARRION, Appellant, v COUNTY OF WESTCHESTER, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County (Leggett, J.), entered October 21, 1982, which denied his motion for an order striking defendant's third affirmative defense. Order reversed, on the law, without

costs or disbursements, motion granted, and defendant's third affirmative defense stricken. In *Coleman v Westchester St. Transp. Co.* (57 NY2d 734), the Court of Appeals held that the companies which operate the Westchester County public transit system are appointees of the county within the meaning of subdivision 1 of section 50-b of the General Municipal Law. The question presented on this appeal is whether that holding and the definition contained in subdivision 1 of section 50-b which states that such appointees are employees of the county renders an employee of such company an employee of the county, thereby limiting that employee's remedy against the county, in the event of work-related injury, to such relief as may be obtained under the Workers' Compensation Law. Were it not for the statutory definition, there would be no doubt that plaintiff is not an employee of the county (see *Matter of Grigoli v Nito,* 11 AD2d 581). In his complaint, plaintiff alleges that he is an employee of Liberty Lines, not of the county. There is no indication that he was controlled or paid by the county, that the county furnished the equipment with which he worked, or that the county had the right to discharge him. The fact that the county owned the buses upon which plaintiff worked in the course of his employment is also an insufficient basis for concluding that plaintiff is an employee of the county (cf. *Matter of Dewhurst v Simon,* 295 NY 352). In fact, the only relationship between plaintiff and the county is that plaintiff is an employee of a company statutorily defined as an employee of the county. We hold that even if that statutory definition (General Municipal Law, § 50-b, subd 1) is operative in the context of the Workers' Compensation Law, an issue which we do not reach on this appeal, the existence of such a relationship, without other indicia of employment, is insufficient to render plaintiff an employee of the county. Therefore, plaintiff is not barred by section 11 of the Workers' Compensation Law from asserting the instant cause of action against the county, and the motion to strike defendant's third affirmative defense should have been granted. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.