■ Marian M. Moss, Respondent, v Eric Rista, Appellant. (And a Third-Party Action.)—

In this wrongful death action, plaintiff asserts that defendant was driving while intoxicated and wrongfully, intentionally, recklessly and negligently caused the death of plaintiff's intestate, John Thornton. Defendant and Thornton were performing a moving job for Moving Man, Inc. While en route home from Washington, D.C. to New York City, defendant was driving the moving truck and Thornton was a passenger. Apparently, defendant collided with a disabled truck on the shoulder of the highway. Defendant was seriously injured and Thornton was killed.

Prior to the commencement of this lawsuit, Moving Man, Inc. filed a report with the Workers' Compensation Board on behalf of defendant and Thornton. The Board awarded certain benefits to defendant. With regard to Thornton, in a separate proceeding, the Board merely stated: "Closed—Accident, notice of casual relation, death established this is a no dependency case, no funeral bill has been submitted."

In moving for summary judgment, defendant asserts that the action is barred since workers' compensation benefits provide the exclusive remedy to plaintiff. *(See,* Workers' Compensation Law § 29 [6].) However, only if it is proved that both defendant and Thornton were under the "same employ" when the accident occurred and that Thornton was not an independent contractor would Workers' Compensation Law § 29 (6) apply to bar the instant action.

The evidence demonstrates that material issues of fact exist regarding the relationship between Thornton and Moving Man, Inc. warranting a denial of defendant's summary judgment motion. *(Rotuba Extruders v Ceppos,* 46 NY2d 223.) While several factors point to an employer-employee relationship, many other factors indicate that Thornton was an independent contractor. For example, on the night of the incident, Thornton and defendant used a truck owned by defendant; both Thornton and defendant were consulted about the details of the job and had substantial control over its contours; Thornton also worked for other companies and both he and defendant were only notified the night before a job when they worked for Moving Man; Thornton was paid in cash and no taxes or deductions were taken from his pay. *(See, Matter of Grigoli v Nito,* 11 AD2d 581.)

Finally, while there is evidence that certain claims were

filed on behalf of Thornton to the Workers' Compensation Board, the claims were filed by a third party and were not endorsed by plaintiff. Moreover, there is no indication that the estate of Thornton had any notice that a claim was filed on behalf of Thornton or that claim proceedings had been scheduled. Accordingly, any determination regarding Thornton by the Board is not binding on plaintiff. *(Cf., O'Connor v Midiria,* 55 NY2d 538.) Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.