■ ANTONIO PUCCIO et al., Appellants, v URSULA JULIAN, Respondent, and DAVID BARBUTI, Also Known as AUGUST D. BARBUTI, Appellant. (And a Third-Party Action.)—Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 30, 1990 in Sullivan County, which, *inter alia,* granted defendant Ursula Julian's motion for summary judgment dismissing the complaint against her.

Plaintiff Antonio Puccio (hereinafter plaintiff) was injured when he fell from a ladder in the course of his employment with third-party defendant Julian Mechanical Corporation. The accident took place on land owned by third-party defendant Russell Julian, principal and sole shareholder of Julian Mechanical, and defendant Ursula Julian (hereinafter Julian). Plaintiff commenced this action against, among others, Julian, alleging liability under Labor Law §§ 200, 240 and 241 based

upon her ownership interest in the real property. Julian moved for summary judgment dismissing the complaint against her upon the ground that she too was an employee of Julian Mechanical and that, as a result, the action against her is barred by the provisions of Workers' Compensation Law § 29 (6) *(see, St. Andrews v Lucarelli,* 115 AD2d 155; *Heritage v Van Patten,* 90 AD2d 936, 937, *affd* 59 NY2d 1017). The motion was opposed by plaintiffs and defendant David Barbuti, general contractor on the project. Supreme Court granted the motion and plaintiffs and Barbuti appeal.

There must be a reversal. Although Julian supported the motion with some evidence of her employment with Julian Mechanical, the fact that she performed services for her husband's corporation, such as answering the telephone, typing, filing, bookkeeping and banking, is by no means conclusive of the issue, particularly in view of the fact that Julian received no pay for her services and was not covered on Julian Mechanical's disability or workers' compensation insurance policies *(see, Moss v Rista,* 158 AD2d 417, 418). Moreover, Julian's evidentiary showing is essentially devoid of detail, with no particularization of the amount of time spent in her asserted employment or the nature and extent of her duties *(see, Coley v Michelin Tire Corp.,* 99 AD2d 795) and is, thus, subject to conflicting inferences. In our view, the record presents triable issues of fact on the relationship between Julian and Julian Mechanical which may not be resolved upon a motion for summary judgment *(see,* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Order reversed, on the law, with one bill of costs, and motion denied. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.