■ ODUTH NARINE et al., Respondents, v HOWARD HANDLER et al., Appellants, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendants Howard Handler and Protection Systems Specialists, Inc., appeal from an order of the Supreme Court, Queens County (Harbater, J.), dated February 15, 1990, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion which was for summary judgment in favor of Protection Systems Specialists, Inc., and substituting therefor a provision granting that branch of the motion, and by adding a provision thereto dismissing the complaint insofar as it is asserted against Protection Systems Specialists, Inc.; as so modified, the order is affirmed, with costs to the appellants.

On July 17, 1987, the plaintiff Oduth Narine was injured while inspecting a ventilation system in the course of his employment as a mechanic for Protection Systems Specialists, Inc. (hereinafter Protection Systems). The injured plaintiff and his wife thereafter commenced this action against Protection Systems, alleging, inter alia, that the company was negligent in failing to provide him with a safe place to work. Also named as a defendant in the action was Howard Handler, who was allegedly helping Narine inspect an exhaust fan when Narine was injured. Both defendants subsequently moved for

summary judgment, alleging that the action was barred by the Workers' Compensation Law because the injured plaintiff and Handler were employed by Protection Systems at the time of the accident. The Supreme Court denied the defendants' motion and this appeal ensued.

Following the accident, the injured plaintiff filed for and received Workers' Compensation benefits as an employee of Protection Systems. The benefits he was awarded represent his exclusive remedy against his employer, and he and his wife are therefore barred from maintaining this action against Protection Systems (see, Workers' Compensation Law § 11; *Richiusa v Kahn Lbr. & Millwork Co.*, 148 AD2d 690). Accordingly, we modify the order appealed from and dismiss the complaint insofar as it is asserted against Protection Systems.

We find, however, that the Supreme Court properly denied summary judgment to Handler. Although the exclusivity provisions of the Workers' Compensation Law bar an injured employee from maintaining a negligence action against a fellow employee (see, Workers' Compensation Law § 29 [6]; *Ozarowski v Yaloz Realty Corp.*, 181 AD2d 763; *Calhoun v Big Apple Wrecking Corp.*, 162 AD2d 574), the record reveals that questions of fact exist concerning the relationship between Handler and Protection Systems which cannot be resolved on the basis of the conflicting affidavits submitted by the parties (see, *Rotuba Extruders v Ceppos*, 46 NY2d 223; *Puccio v Julian*, 173 AD2d 926). Eiber, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.