■ JOYCE BEAUFORT, Respondent, v LIBERTY LINES TRANSIT, INC., Appellant, et al., Defendants. [704 NYS2d 284] —In an action to recover damages for personal injuries, the defendant Liberty Lines Transit, Inc., appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered April 27, 1999, which denied its motion to change the venue of this action from Bronx County to Westchester County.

Ordered that the order is affirmed, with costs.

The defendant Liberty Lines Transit, Inc., (hereinafter Liberty Lines), was not entitled to a change of venue from Bronx County to Westchester County pursuant to CPLR 504 (1), since the County of Westchester is not a party to this action (*see, Theofanis v Liberty Lines Tr.,* 266 AD2d 385; *Swainson v Clee,* 261 AD2d 301). We reject the appellants' contention that Liberty Lines is an employee of the County by virtue of General Municipal Law § 50-b (1) and therefore entitled to the benefit of CPLR 504 (1). Even assuming that General Municipal Law § 50-b (1) is operative in the context of CPLR 504, there is no evidence that an employer-employee relationship exists between the County and Liberty Lines (*see, Matter of 12 Cornelia St. [Ross],* 56 NY2d 895; *Matter of Sullivan County [Miller],* 289 NY 110, 112; *Carrion v County of Westchester,* 99 AD2d 793). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.