■ ROSE M. INFOSINO, as Administratrix of the Estate of CHARLES J. INFOSINO, Deceased, Appellant, v. CITY OF NEW YORK, Respondent, et al., Defendants. MARGARET J. CARROLL, as Administratrix of the Estate of EDWARD J. CARROLL, Deceased, et al., Appellants, v. CITY OF NEW YORK, Respondent, et al., Defendants.— Judgment dismissing the complaints against defendant-respondent City of New York in consolidated actions for the wrongful death of six New York City firemen and personal injuries of a seventh fireman, unanimously affirmed, without costs or disbursements. The record fails to establish actionable negligence under the common law. (*Motyka* v. *City of Amsterdam*, 15 N Y 2d 134.) Insofar as the plaintiffs rely on section 205-a of the General Municipal Law, there is no cause of action thereon as to the City of New York in respect of its alleged failure to effect compliance with charter and code provisions relating to the construction of the parapet wall. Section 205-a imposes liability for "failing to comply" with requirements of statutes, ordinances, rules, orders and requirements of various governmental agencies. In the instant case, the duty of compliance was on the owner and other persons responsibile for the erection of the parapet wall. *Nykanen* v. *City of New York* (14 N Y 2d 697) is inapplicable because defendant was there charged with liability as owner of the property. Here, plaintiffs seek to charge the City of New York not as owner but for its failure to comply with its general duty to effect compliance, which is not within the scope of section 205-a. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ LINDA SMITHLINE, Respondent, v. JOHN GHESSI, Appellant.— Order entered January 18, 1966, granting plaintiff's motion to dismiss affirmative defenses in defendant's answer, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and the motion denied. In this personal injury action by an employee of Nestle Co., Inc., against a fellow employee, the latter has pleaded affirmative defenses based on subdivision 6 of section 29 of the Workmen's Compensation Law. The Nestle Company maintains a parking lot adjacent to its plant in White Plains for the convenience of its employees. On the date of the accident plaintiff had driven to work and left her car in the parking lot. She finished her day's work at 5:00 P.M. and proceeded to the parking lot where, at about 5:20 P.M., she was struck by a car owned and operated by defendant, who was also on the way home from work. Similar circumstances have been considered in a number of decisions (*Ritornato* v. *Schuth*, 278 App. Div. 996; *Matter of Kwapich* v. *Aluminum Co. of America*, 282 App. Div. 972; *Roberts* v. *Gagnon*, 1 A D 2d 297; *Kunze* v. *Jones*, 6 A D 2d 888, affd. 8 N Y 2d 1152; *Chadwick* v. *Clark*, 19 A D 2d 679; *Pantolo* v. *Lane*, 185 Misc. 221). Under their authority it must be held that the parties were acting in the course of their employment at the time of the accident, and that plaintiff is limited to workmen's compensation benefits. The decisions on which plaintiff principally relies do not justify a different conclusion. In *Miano* v. *Schneider* (4 N Y 2d 732) the accident occurred while the employees, on their way to a job site to begin the day's work, were riding on a public highway. In *D'Agostino* v. *Wagenaar* (183 Misc. 184, affd. 268 App. Div. 912, mot. for lv. to app. den. 294 N. Y. 640), the defendant lived on the employer's premises and his workday had ended some six hours before his car struck the plaintiff. Settle order on notice. Concur — Botein, P. J., McNally, Stevens and Steuer, JJ.