■ STANLEY C. OMIECINSKI, Respondent, v. NEW YORK CENTRAL SYSTEM, Appellant.— Order unanimously affirmed, with costs. Memorandum: There are questions of fact as to the time of accrual of the cause of action which should be passed upon by a jury. (Appeal from order of Onondaga Special Term, denying defendant's motion to dismiss the complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ JOSEPH MALINKA, Respondent, v. LAWRENCE MUGAVERO, Appellant.— Order unanimously reversed, defendant's motion granted and judgment granted in favor of defendant dismissing plaintiff's complaint, all without costs. Memorandum: Appellant and respondent are coemployees of an employer who maintains a lot adjacent to its plant for the parking of employees' automobiles. The action is to recover damages from defendant for injuries sustained by plaintiff as a result of a collision of their automobiles in the parking lot while they were on their way to work. The parties were acting in the course of their employment at the time of the accident. (*Kunze* v. *Jones*, 6 A D 2d 888, affd. 8 N Y 2d 1152; *Roberts* v. *Gagnon*, 1 A D 2d 297; *Chadwick* v. *Clerk*, 19 A D 2d 679; *Smithline* v. *Ghessi*, 25 A D 2d 841.) Plaintiff is, therefore, limited to the workman's compensation benefits and cannot maintain this action against his fellow employee. (Workman's Compensation Law, § 29, subd. 6.) (Appeal from order of Monroe County Court, denying motion to dismiss complaint.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.