■ In the Matter of Claim of ARLENE FOSS, Appellant, v. JOSEPH P. CONROY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed October 30, 1967, which disallowed a claim for compensation under the Workmen's Compensation Law on the ground that claimant's accident did not arise out of and in the course of her employment. Employer's factory was located on the east side of South Market Street, a thoroughfare running north and south in the City of Johnstown. To the north, South Market intersects with Clinton Street, running in the opposite direction. To the north of the plant, employer maintained a parking lot, for the benefit of its employees, with a driveway leading into the lot from South Market. Claimant, a sewing machine operator and in all respects an inside worker, on the morning of November 5, 1964 drove her car to work, parking it on the southerly side of Clinton Street, just around the southeast corner of said intersection. She "punched out" at 5:00 P.M., left her place of employ and, while proceeding northerly on the sidewalk running along the east side of South Market and at a point beyond the driveway but before reaching a place opposite employer's northerly property line, fell injuring her arm. This sidewalk was on city property and outside of employer's westerly boundary but the employer's maintenance staff kept the sidewalk free of ice and snow during the winter, as mandated by local law. Customarily, it was cleared to a point beyond where claimant fell and just north of where it would be bisected by employer's northernmost property line, were it extended into South Market Street. Although legal title to the place where she fell was not held by her employer, there was proof from which the board could find that the employer had exercised dominion over the location, exclusive dominion and control not being necessary (cf. *Matter of Olivo* v. *City School Dist., Bd. of Educ.,* 26 A D 2d 868), but there was no proof which compelled the board to find that the dominion was exercised over it as a route of access to its property (*Matter of Camaro* v. *Starbuck,* 19 A D 2d 927). The snow removal was necessary because of a local law and there was no proof that the employees utilized as a regular practice the full length of the South Market Street sidewalk bounding its premises. There was proof that the parking lot did not hold all employees' vehicles so that some were required to park around

in the immediate vicinity of the street, but, in the absence of something more, this did not require the board to infer that said portion of the sidewalk was used by the parking lot overflow as a route of access. Claimant's fall occurred on a public way after her employment had ended for the day at a spot beyond the parking lot driveway and the board was not required to find that the mishap was within the employment precincts. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.