In the Matter of the Claim of JOYCE M. OTT, Respondent, *v.* GEM ELECTRIC MFG. Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 2, 1974.

*Herbert Lasky* (*John M. Cullen* of counsel), for appellants.

*Alfred Udoff* for Joyce M. Ott, respondent.

*Louis J. Lefkowitz*, Attorney-General (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. These are appeals from decisions of the Workmen's Compensation Board, filed July 31, 1972 and August 9, 1973, which reversed a Referee's decision dismissing the claim, and found that decedent's death arose out of and in the course of his employment.

It is undisputed that, on the morning of March 29, 1971, as decedent was parking his car in the employer's parking lot he noticed that it was smoking, whereupon he immediately drove it approximately 100 feet to a vacant lot. He apparently got out to make an inspection, and then re-entered the vehicle which burst into flames resulting in his death.

We agree with the determination of the board that decedent's death arose out of and in the course of his employment. It is settled that a parking lot maintained by the employer constitutes precincts of employment (*Matter of Lugo* v. *Pelican Sportswear*, 38 A D 2d 632). The accident in the present case originated when decedent's car started smoking in the parking lot, and from that point compensability attached. Appellants urge that in driving to the vacant lot, decedent was attempting to repair or care for his vehicle and, therefore, was engaged in a purely personal act. However, the board could infer that claimant was endeavoring to save his employer's premises and any persons who might have been present from an apparent danger, and, therefore, could conclude that decedent's actions were for the employer's benefit. That decedent removed himself from the physical premises of the employment does not make the case noncompensable, where done in response to an emergency arising on the premises (see, generally, 1 Larson, Workmen's Compensation, § 28.10 *et seq.*). Nor is it relevant that decedent's conduct may have actually increased the risk to himself, since considerations of negligence have no place in workmen's compensation cases.

The decisions should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., STALEY, JR., SWEENEY and MAIN, JJ., concur.

Decisions affirmed, with costs to the Workmen's Compensation Board.