■ In the Matter of JANE BATORSKI, Appellant, v GREAT ATLANTIC & PACIFIC TEA COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from an amended decision of the Workmen's Compensation Board, filed July 12, 1974, which reversed the decision of a referee and disallowed a claim for benefits on the ground that the accident

did not arise out of and in the course of employment. Claimant's decedent was an inside worker. On the date of his death he left the plant after completing his day's work and observed that a coemployee was having trouble starting his car in a vacant lot across the street from the employer's premises. This lot was neither owned by nor under the control of the employer. The record reveals that the employer, after receiving complaints from the actual owner as well as from the police, posted signs in its warehouse advising employees not to park there. Claimant's decedent, together with some other coemployees, helped push the disabled car into the street and had pushed it some distance up the street when decedent was fatally injured by a passing vehicle. The board found that the accident had occurred on a public street, a finding which is clearly supported by the record, and that therefore the accident did not arise out of and in the course of employment. While it is within the power of the board to find in certain situations that a parking lot maintained by an employer, or by a third-party with the understanding and knowledge that it is to be used by the employees of the employer, constitutes premises of employment, such a determination is one of fact depending upon all the circumstances. Nevertheless, it cannot seriously be disputed in the present case that the accident did in fact occur on a public thoroughfare, and therefore the board had ample basis for finding that it occurred without the precincts of the employment *(Matter of Foss v Joseph P. Conroy, Inc.,* 38 AD2d 638). Appellant's contention that the decision in this case should be governed by our decision in *Matter of Ott v Gem Elec. Mfg. Co.* (44 AD2d 331) must be rejected. In *Ott (supra),* an emergency which created an obvious danger of injury to persons or property originated in a parking lot which was maintained by the employer. The facts in this case do not require a finding of emergency creating a danger to persons or property, and the parking lot was not a precinct of the employment, and thus the fact that the events leading to decedent's death were initiated in a parking lot is insufficient to invoke the rule of the *Ott* case. Decision affirmed, without costs. Herlihy, P. J. Greenblott, Sweeney, Kane and Reynolds, JJ., concur.