In the Matter of the Claim of FRANK HUSTED, Respondent, v SENECA STEEL SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 11, 1975

*Phillips, Lytle, Hitchcock, Blaine & Huber (Edward L. Robinson* and *Peter B. Schreier* of counsel), for appellants.

*Williams, Williams, Volgenau & Tisdall (Paul D. Williams* of counsel), for Frank Husted, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. Claimant, an inside worker at Seneca Steel Service Inc., drove his own automobile to work and while making a left turn from Kenmore Avenue, a public road, into his employer's parking lot, his car was struck on the right side by a car traveling in the opposite lane. As affected by the initial impact, the claimant's automobile continued into the employer's parking lot where it collided with another parked automobile. The initial collision occurred on the public highway about a foot from the entrance to the employer's parking lot. The record supports claimant's contention that the second collision was the cause of the serious injuries to claimant's arm. The board awarded compensation benefits on the ground that the claimant was entitled to safe ingress and egress to and from the employer's premises.

The issue presented to this court is whether or not, as a matter of law, the fact that injuries sustained upon an employer's premises have a causal connection with events origi-

nating off the employment premises precludes a finding by the board that the accident occurred in the course of the employment and the claimant is entitled to compensation.

As a general rule, the hazards of travel on public highways are risks of life in general and not within the scope of employment within the meaning of the Workmen's Compensation Law (*Matter of De Voe v New York State Rys.,* 218 NY 318). This principle has been applied even where an accident occurred only a few feet from the employer's premises (*Matter of Amento v Bond Stores,* 274 App Div 863; *Matter of Martin v Board of Educ. of Scotia Glenville Cent. School Dist.,* 50 AD2d 655).

The premises of an employer, for compensation purposes, does include a parking lot maintained for employees, such as in the instant case (*Malinka v Mugavero,* 27 AD2d 691). The claim for benefits is premised entirely upon injuries which were sustained by the claimant after his car struck a third vehicle in the employer's parking lot. While admittedly the claimant lost control of his vehicle and the second accident which occurred upon the employer's premises was causally connected to the first accident in the public street, the record does not establish that the accident upon the employer's premises was a purely personal act on the claimant's behalf.

Furthermore, the record does not conclusively establish that the *sole* cause of the injuries was the negligent act of the operator of the car which struck the plaintiff before he entered the precinct of the employment. That the claimant may have been negligent in not bringing his car under control and avoiding the second accident would be of no consequence within the framework of workmen's compensation and, of course, vehicles parked upon the employer's premises would constitute a natural hazard arising out of the employment. As a factual matter, the present set of facts is not substantially different than if the claimant had simply been so negligent as to not have his car under control while he was upon the employer's premises and without any precipitating prior accidental cause.

While there is some factual analogy, the case of *Matter of Ott v Gem Elec. Mfg. Co.* (44 AD2d 331, 332) does not hold that the place where an accident originates is determinative in deciding whether or not accidental injuries arose out of and in the course of employment. The important factor in the *Ott* case was that the accident having originated upon the employ-

er's premises, the board could reasonably infer that the subsequent injuries were sustained in the course of the employment.

Upon the present record, the question of whether or not the accident and its disabling injuries occurred in the course of employment was one of fact for the board and its decision is supported by substantial evidence.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

LARKIN, J. (dissenting). We respectfully dissent. In our view the question presented is whether an inside employee involved in an automobile accident on a public highway while on his way to work, whose injuries are sustained on the employer's premises, has been injured in the course of his employment and is entitled to compensation.

Although the premises of an employer, for compensation purposes, includes a parking lot maintained for employees (*Malinka v Mugavero,* 27 AD2d 691), only under limited circumstances has the concept of the precinct or area of employment been extended to situations where the accident occurred while the employee was entering or leaving his employer's premises. One factor which has served as a basis for such extension is the exercise by the employer of some control over the area where the accident occurred (*Matter of Singer v Rich Marine Sales,* 25 AD2d 801; *Matter of Brienza v Le Chase Constr. Corp.,* 17 AD2d 83). Other cases have awarded compensation where the actions of the employer effectively compelled the employee to use a particular entrance or exit to or from its premises (*Matter of Flanagan v Ward Leonard Elec. Co.,* 274 App Div 1081; *Matter of Leatham v Thurston & Braidich,* 264 App Div 449, affd 289 NY 804). The concept of the course of employment has also been extended to include a public street between the employer's place of business and a parking lot provided for the employees (*Matter of Gaik v National Aniline Div.,* 5 AD2d 1039, mot for lv to app den 6 NY2d 706). In the instant case there was no traffic control device at the entrance to the employer's premises where the accident occurred or any other indication that the employer exercised control over this portion of Kenmore Avenue. Because the portion of Kenmore Avenue where the accident occurred is not located between a parking lot used by employees and the place of employment, there can be no claim that the claimant had "attached himself" to employment

when the accident occurred *(Matter of Gaik v National Aniline Div., supra)*.

The remaining question is whether claimant's eligibility for compensation is determined by the place of the accident or the place where the injuries were sustained. In *Matter of Ott v Gem Elec. Mfg. Co.* (44 AD2d 331), as the decedent was parking his car in the employer's lot, he noticed that it was smoking and immediately drove it from the employer's premises to a vacant lot where it exploded, resulting in his death. This court, in holding that his death arose out of and in the course of his employment, found that it was not the place where the injuries were sustained which was determinative, but rather the place where the "accident * * * originated" (p 332). In the instant case, the accident originated on a public highway before the claimant had attached himself to his employment and did not later become compensable merely because it happened to have been concluded on the employer's premises.

The decision should be reversed, and the claim dismissed.

Sweeney and Kane, JJ., concur with Herlihy P. J.; Main and Larkin, JJ., dissent and vote to reverse in an opinion by Larkin, J.

Decision affirmed, with costs to the Workmen's Compensation Board.