■ STEFANIA OZAROWSKI, Respondent, v YALOZ REALTY CORP., Defendant, and YEHUDA L. YALOZ et al., Appellants.—In an action to recover damages for personal injuries, the defendants Yehuda Leon Yaloz and David Yaloz appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated May 16, 1990, which denied their motion for leave to serve a second amended answer raising the affirmative defense of Workers' Compensation, and for summary judgment dismissing the complaint insofar as it is asserted against them as barred by Workers' Compensation Law § 29 (6).

Ordered that the order is reversed, on the law, with costs, the appellants' motion is granted, the second amended answer is deemed served, summary judgment is granted to the appellants dismissing the complaint insofar as it is asserted against them, and the action against the remaining defendant is severed.

The Supreme Court erred in denying the appellants' motion for leave to serve a second amended answer raising the affirmative defense that the action was barred by the Workers' Compensation Law. That affirmative defense had been asserted in the appellants' original answer but was inadvertently omitted in their first amended answer. The plaintiff can claim neither prejudice nor surprise, because she was aware of her employment status from the outset and had received Workers' Compensation benefits (see, *Caceras v Zorbas*, 74 NY2d 884).

In addition, the Supreme Court erred in denying the appellants summary judgment. A worker injured during the course of the worker's employment cannot maintain an action to recover damages for personal injuries against the owners of premises upon which an accident occurred when, as here, those owners are also officers of the corporation which employed the worker (see, *Heritage v Van Patten*, 59 NY2d 1017; *Roll v Murphy*, 174 AD2d 1030; *Owens v Hirth*, 166 AD2d 244; *St. Andrews v Lucarelli*, 115 AD2d 155). The Workers' Compensation award which the plaintiff applied for and received is her exclusive remedy (see, Workers' Compensation Law § 29 [6]). Regardless of their status as owners of the premises where the injury occurred, the appellants remain coemployees with the plaintiff in all matters arising from and connected with their common employment (see, *Heritage v Van Patten*, supra). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.