■ KATHERINE H. CLARKE, as Administratrix of the Estate of WILLIAM N. CLARKE, Deceased, Appellant, v AMERICANA HOUSE, INC., Defendant, and WARREN J. OELSNER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated July 27, 1990, which granted the motion of the individual defendants Warren James Oelsner and Carol Oelsner for partial summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that on the court's own motion, Katherine H. Clarke, as Administratrix of the Estate of William N. Clarke, is substituted as the party plaintiff, and the caption is amended accordingly; and it is further,

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants Warren Oelsner and Carol Oelsner summary judgment. A worker injured during the course of the worker's employment cannot maintain an action to recover damages for personal injuries against the owners of premises upon which an accident occurred when, as here, those owners are also officers of the corporation which employed the worker (see, Heritage v Van Patten, 59 NY2d 1017; Ozarowski v Yaloz Realty Corp., 181 AD2d 763; Roll v Murphy, 174 AD2d 1030; Owens v Hirth, 166

AD2d 244; *St. Andrews v Lucarelli,* 115 AD2d 155). The Workers' Compensation award which the plaintiff's decedent applied for and received is his exclusive remedy *(see,* Workers' Compensation Law § 29 [6]). Regardless of their status as owners of the premises where the injury occurred, the respondents remain coemployees with the plaintiff in all matters arising from and connected to their common employment *(see, Heritage v Van Patten, supra).* Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.