■ JAMES DRUIETT et al., Respondents, v FRED BRENNER, Defendant and Third-Party Plaintiff-Appellant. SAF-TEE PLUMBING CORPORATION, Third-Party Defendant-Appellant. [598 NYS2d 3] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Kings County (Huttner, J.), entered February 25, 1991, as denied his motion for summary judgment dismissing the complaint, and the third-party defendant separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the motion and cross motion are granted, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

We find that the Supreme Court erred in denying the motion and the cross motion for summary judgment. A worker injured during the course of the worker's employment cannot maintain an action to recover damages for personal injuries against the owner of the premises upon which an accident occurred when, as here, the owner is also an officer of the corporation which employed the worker (see, Heritage v Van Patten, 59 NY2d 1017; Clarke v Americana House, 186 AD2d 531; Ozarowski v Yaloz Realty Corp., 181 AD2d 763). Regardless of his status as owner of the premises where the injury occurred, the defendant third-party plaintiff remains a coemployee with the injured plaintiff in all matters arising from and connected with their common employment (see, Heritage v Van Patten, supra). Thus, the Workers' Compensation award which the injured plaintiff applied for is his exclusive remedy (see, Workers' Compensation Law § 29 [6]). Accordingly, the complaint and the third-party complaint are dismissed. Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.