■ SUSAN COPPOLA, Respondent, v NEIL H. SINGER et al., Appellants. [621 NYS2d 924] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated March 8, 1993, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff's exclusive remedy is Workers' Compensation. The appeal brings up for review so much of an order of the same court, dated September 8, 1993, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated March 8, 1993, is dismissed, as that order was superseded by the order dated September 8, 1993, made upon reargument; and it is further,

Ordered that the order dated September 8, 1993, is reversed insofar as reviewed, on the law, the order dated March 8, 1993, is vacated, the defendants' motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

A plaintiff injured during the course of his or her employment cannot maintain an action to recover damages for personal injuries against the owner of the premises upon which the accident occurred when, as here, the owner is also an officer of the corporation that employed the plaintiff *(see, e.g., Heritage v Van Patten,* 59 NY2d 1017; *Druiett v Brenner,* 193 AD2d 644; *Clarke v Americana House,* 186 AD2d 530; *Ozarowski v Yaloz Realty Corp.,* 181 AD2d 763). The Workers' Compensation award which the plaintiff applied for and received is her exclusive remedy *(see,* Workers' Compensation Law § 29 [6]). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.