■ Doris McFarlane, Appellant, v Claudia Chera et al., Respondents. [621 NYS2d 390] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Yoswein, J.), dated March 8, 1993, which granted the defendants' motion for renewal, and upon renewal, granted their cross motion for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint is denied.

The Supreme Court erred in finding that recovery in this action was barred by Workers' Compensation Law § 29 (6) as a matter of law because the individual defendants, partners in the defendant partnership, were co-employees of the plaintiff.

A plaintiff injured during the course of his or her employment cannot maintain an action against the owner of the property where the accident occurred when the owner is also an officer of the corporation which employed the plaintiff (see, Heritage v Van Patten, 90 AD2d 936, affd 59 NY2d 1017; Lindner v Kew Realty Co., 113 AD2d 36; Druiett v Brenner, 193 AD2d 644; Clarke v Americana House, 186 AD2d 531). In such a case, the defendant's duties as owner are connected to his or her duties as an officer responsible for the operation of the corporation's business (see, Heritage v Van Patten, supra, 59 NY2d, at 1019; Lindner v Kew Realty Co., supra, at 44-45). The defendant-officer has indistinguishable responsibilities for providing a safe place to work, both as an executive employee and as a property owner.

Here, however, the individual defendants were not officers

of the corporate employer. While there is some evidence that they were employed by the corporation, the nature of their duties and responsibilities as employees is unknown. Co-employee status alone is insufficient to confer immunity under Workers' Compensation Law § 29 (6). The "negligence or wrong" must be committed while the fellow employee was acting within the scope of his or her employment *(see, Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543-544). Because the nature of the individual defendants' purported employment and the extent of their involvement with the corporation are unknown, it is unclear whether the alleged negligence occurred in the course of their employment. Consequently, whether the defendants' duties as owners merged with their duties as co-employees so as to preclude recovery cannot be determined as a matter of law *(see, Lindner v Kew Realty Co., supra,* at 44-45; *see also, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 160). Since the defendant partnership is not insulated from liability unless all of the individual partners are immune from suit *(see, Lindner v Kew Realty Co., supra),* summary judgment in favor of the partnership must also be denied. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.