■ DEBRA A. KUPKE, as Administratrix of the Estate of CARL E. KUPKE, JR., Deceased, Respondent, v DOROTHY MULLANE, Defendant, and MULLANE ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant. B.A. TOFTE CO., INC., Third-Party Defendant-Appellant. [626 NYS2d 277] —In a negligence action to recover damages for personal injuries, the defendant Mullane Associates appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 10, 1993, as, upon renewal, denied the branch of its motion which was for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it, and the third-party defendant B.A. Tofte Co., Inc., separately appeals from so much of the same order as denied the branches of its separate motion which were for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against the defendant Mullane Associates and dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, those branches of the renewed motions of the defendant and third-party defendant which were for summary judgment dismissing the complaint insofar as it is asserted against the defendant Mullane Associates are granted, and the branch of the third-party defendant's motion which was to dismiss the third-party complaint is granted.

The plaintiff's decedent, Carl E. Kupke, Jr. (hereinafter Kupke), was severely injured on November 7, 1988, in an industrial accident he suffered during the course of his employment with the third-party defendant, B.A. Tofte Co., Inc. (hereinafter Tofte). Kupke eventually succumbed to those injuries on November 9, 1988. Kupke's administratrix then commenced this action against the defendants, who are alleged to be the owners of the property which was leased to Tofte and upon which the accident occurred. The Supreme Court granted those branches of the separate motions of the defendants and the third-party defendant which were to dismiss the complaint against the defendant Dorothy Mullane while denying that branch of the defendants' motion which was to dismiss the complaint against the defendant Mullane Associates (hereinafter Mullane), and denying that branch of the third-party defendant's motion which was to dismiss the third-party complaint.

Mullane is a partnership consisting of three partners, Dorothy Mullane, Kevin Mullane, and Dennis Mullane. These same three persons were also officers of Tofte, Kupke's employer at the time of the accident. The plaintiff does not dispute the assertions of the defendants and third-party defendant that she received Workers' Compensation benefits. Therefore, recovery from Mullane is barred since all the partners of Mullane are also officers of Kupke's employer, Tofte. We reject the plaintiff's contention that summary judgment should be denied on the ground that there are factual questions as to whether or not Dennis Mullane was actually a co-employee. There is sufficient uncontroverted evidence in the record from which to find as a matter of law that Dennis Mullane was the treasurer of Tofte and therefore a co-employee of Kupke *(see, Mesa v Violante,* 204 AD2d 610; *Druiett v Brenner,* 193 AD2d 644; *Clarke v Americana House,* 186 AD2d 531; *Ozarowski v Yaloz Realty Corp.,* 181 AD2d 763; *see generally, Heritage v Van Patten,* 59 NY2d 1017). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.