■ YAEL HOFFMAN et al., Respondents, v WILBUR BRESLIN et al., Appellants, et al., Defendant. (And a Third-Party Action.) [708 NYS2d 879] —In an action to recover damages for personal injuries, etc., the defendants Wilbur Breslin, as Executor of the Estate of Robert Frankel, and the Nassau County Development Agency, s/h/a the Nassau County Industrial Development Agency, appeal from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated January 22, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau County Industrial Development Agency and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action was commenced after the plaintiff Yael Hoffman allegedly slipped and fell on snow and ice on property owned and controlled by the appellants. The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Wilbur Breslin, as Executor of the Estate of Robert Frankel, as there is an issue of fact as to the identity of the party who occupied and controlled the subject property. In addition, an issue of fact exists regarding Frankel's status as an employee of the injured plaintiff's corporate employer and the applicability of the Worker's Compensation Law (see, CPLR 3212 [b]; *Alvarez v Prospect Hosp*, 68 NY2d 320, 324; *McFarlane v Chera*, 211 AD2d 764).

However, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau County Industrial Development Agency (hereinafter the Agency). After the Agency made a prima facie showing that it was entitled to judgment as a matter of law, the plaintiffs failed to demonstrate the existence of a triable issue of fact (see, *Zuckerman v City of New York*, 49 NY2d 557, 562). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ HAQUIFA M. JOHNSON, a Deceased Infant, by Her Coadministrators MICHELLE F. WILLIAMS, et al., et al., Respondents-