■ PATRICIA M. LIVSEY, Appellant, v MAIN-LIVINGSTON ASSOCIATES, Respondent. [778 NYS2d 356]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 11, 2003. The order granted defendant's motion to dismiss the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she slipped and fell at the entrance to her place of employment. Supreme Court properly granted the motion of defendant, the owner of the premises, to dismiss the complaint on the ground that the action is barred by the exclusivity provision of Workers' Compensation Law § 29 (6). Because plaintiff and all of defendant's partners are "in the same employ," the action against defendant is barred (*id.*; *see Kupke v Mullane*, 215 AD2d 531, 532 [1995]; *Cipriano v FYM Assoc.*, 117 AD2d 770 [1986]; *cf. Blumberg v Ten Washington Realty Assoc.*, 262 AD2d 592 [1999]; *Lindner v Kew Realty Co.*, 113 AD2d 36, 47 [1985]). We reject the contention of plaintiff that she is not limited to the remedy of workers' compensation because the accident occurred when she was on her way to work (*see Malinka v Mugavero*, 27 AD2d 691 [1967]; *see also Smithline v Ghessi*, 25 AD2d 841 [1966], *lv dismissed* 18 NY2d 582 [1966]). Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.