OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously reversed without costs, defendant’s cross motion for summary judgment granted and complaint dismissed.
Plaintiff Alfredo Braham was injured in a construction accident which is alleged to have occurred when he fell from a scaffold while removing piping from the ceiling of premises owned by defendant. At the time of the accident, defendant was a partnership comprised of Fairfax Company and West Coast Company, both of which were partnerships. The general partners of both Fairfax Company and West Coast Company were H. Henry Elghanayan, Kamran T. Elghanayan and Frederick Elghanayan. Plaintiff Alfredo Braham received workers’ compensation benefits and thereafter he and his wife commenced the instant action against defendant, alleging liability under the Labor Law. Defendant sought summary judgment, arguing that plaintiffs’ action was barred by the exclusivity provisions of the Workers’ Compensation Law because H. Henry Elghanayan, Kamran T. Elghanayan and Frederick Elghanayan were all officers of Mr. Braham’s corporate employer, CLR Construction Corp., the general contractor performing the work at the property owned by defendant Country Life Realty Co. The court below held that the action was not barred, since Fair-fax Company and West Coast Company were the sole partners of defendant and were not officers of the corporate employer. This appeal ensued.
Generally, when an employee is injured during the course of his or her employment, the employee’s sole remedy against the employer is the recovery of benefits under the Workers’ Compensation Law (Workers’ Compensation Law § 11). Moreover, the employee is precluded from bringing an action against the employer in its capacity as a property owner for job-related injuries sustained while working on the employer’s premises, since the
*90 “obligation to provide a safe workplace simply cannot be separated in a logical and orderly fashion from the duties owed by the employer to his employees by reason of his ownership of the premises . . . [T]hese duties are merely subcategories within the complex of obligations that arise in connection with the employment relation” (see Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 160 [1980]; see also McFarlane v Chera, 211 AD2d 764 [1995]).
The recovery of workers’ compensation benefits is also the exclusive remedy where an employee is injured by “another in the same employ” (Workers’ Compensation Law § 29 [6]). Thus, an employee may not commence an action against a coemployee for an accident arising from and connected with their employment (see Heritage v Van Patten, 59 NY2d 1017 [1983]). For purposes of the exclusivity defense of sections 11 and 29 (6) of the Workers’ Compensation Law, a partnership and its partners are considered one entity when acting in furtherance of partnership business (see Jackson v Tivoli Towers Hous. Co., 176 AD2d 918 [1991]; Cipriano v FYM Assoc., 117 AD2d 770 [1986]), and a plaintiff is barred from bringing an action against a partner where the partnership is the plaintiffs employer (see Cipriano v FYM Assoc., 117 AD2d 770 [1986], supra).
Inasmuch as “a partnership is not to be regarded as a separate entity distinct from the persons who compose it” (Williams v Hartshorn, 296 NY 49, 51 [1946]), the defendant was by necessity the same entity as its partners (Fairfax Company and West Coast Company), whose general partners were the Elghanayans. Thus, ultimately the defendant must be regarded as the Elghanayans. Since all the Elghanayans were officers of the corporate employer, the instant lawsuit against defendant is perforce a lawsuit against plaintiff Alfredo Braham’s coemployees for injuries arising from and connected with their employment, which is barred by the aforementioned provisions of the Workers’ Compensation Law (see Diaz v Rosbrock Assoc. Ltd. Partnership, 298 AD2d 547 [2002]; see also Kupke v Mullane, 215 AD2d 531 [1995]; Druiett v Brenner, 193 AD2d 644 [1993]; cf. O’Connor v Spencer [1997] Inv. Ltd. Partnership, 2 AD3d 513 [2003]). Accordingly, plaintiffs’ action was barred and defendant’s cross motion for summary judgment dismissing the complaint should have been granted.
Patterson, J.E, Rios and Belen, JJ., concur.