■ JUAN MARIA SOLORZANO, Appellant, v SKANSKA USA BUILDING, INC., Respondent. [63 NYS3d 471]—

Appeal from a judgment of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered May 13, 2015. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, an asbestos and lead abatement worker for nonparty PAL Environmental Services, Inc. (hereinafter PAL), commenced this personal injury action against the defendant, the manager of a construction project inside the United Nations Building in Manhattan, seeking damages for injuries he allegedly sustained when he fell from scaffolding at the construction site in January 2012. The plaintiff alleged that the defendant had hired the plaintiff's employer, PAL, to perform construction/renovation work at the premises pursuant to a written contract. According to the plaintiff, he was working upon an elevated scaffold when a "portion of the scaffold gave way, collapsed and/or broke, causing [him] to fall." The plaintiff alleged, inter alia, that the defendant violated Labor Law §§ 240 (1) and 241 (6).

After the completion of discovery, the plaintiff moved for summary judgment on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). In support of the motion, the plaintiff submitted, inter alia, transcripts of his deposition testimony. In an order dated September 5, 2014, the Supreme Court, inter alia, denied the plaintiff's motion, finding that the plaintiff's own deposition testimony, which was inconsistent as to how he had been injured, raised triable issues of fact. After a jury trial, the jury rendered a verdict in favor of the defendant and against the plaintiff. A judgment was then entered in the defendant's favor dismissing the complaint. The plaintiff appeals.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (*Andino v BFC Partners*, 303 AD2d 338, 339 [2003]). " 'To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that

violation must be a proximate cause of the plaintiff's injuries' " (*Nunez v City of New York*, 100 AD3d 724, 724 [2012], quoting *Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]). "Labor Law § 241 (6) holds 'owners and contractors and their agents' liable for failing to comply with rules promulgated by the Commissioner of the Department of Labor" (*Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 830 [2012], quoting Labor Law § 241 [6]). On a Labor Law § 241 (6) cause of action, a plaintiff must allege a violation of a specific and applicable provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]; *D'Elia v City of New York*, 81 AD3d 682, 684 [2011]), and the regulation must be applicable to the facts of the case (*see Rau v Bagels N Brunch, Inc.*, 57 AD3d 866, 868 [2008]). The relevant regulation in this case, titled "Manually-propelled mobile scaffolds," states, in relevant part: "Safety railings required. The platform of every manually-propelled mobile scaffold shall be provided with a safety railing constructed and installed in compliance with this Part (rule)" (12 NYCRR 23-5.18 [b]).

The Supreme Court properly concluded that, in light of the inconsistencies contained within the plaintiff's own deposition transcript with respect to how the accident occurred and what caused the accident, the plaintiff failed to meet his burden of establishing, prima facie, his entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action. Similarly, given the plaintiff's admission that there were guardrails on all four sides of the scaffold from which he fell, the plaintiff likewise failed to meet his burden of establishing, prima facie, his entitlement to judgment as a matter of law on the Labor Law § 241 (6) cause of action. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the Labor Law §§ 240 (1) and 241 (6) causes of action, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.