Ortega v 669 Meeker Ave., LLC (2021 NY Slip Op 00570)





Ortega v 669 Meeker Ave., LLC


2021 NY Slip Op 00570


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-06529
 (Index No. 2114/14)

[*1]Luis Ortega, et al., respondents-appellants,
v
669 Meeker Avenue, LLC, appellant-respondent, et al., defendant.


Litchfield Cavo LLP, New York, NY (Robert G. Macchia and Michael K. Dvorkin of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant 669 Meeker Avenue, LLC, appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated May 1, 2019. The order, insofar as appealed from, denied the motion of the defendant 669 Meeker Avenue, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On January 20, 2014, the plaintiff Luis Ortega (hereinafter the injured plaintiff) allegedly was injured when he fell from a ladder while working in a building owned by the defendant 669 Meeker Avenue, LLC (hereinafter 669 Meeker). The injured plaintiff alleged that at the time of the accident he was employed by nonparty JSB Re Holdings Corp. (hereinafter JSB). JSB was a real estate management company that managed the subject building, as well as other buildings. Nonparty Sylvester Smolarczyk (hereinafter Sylvester) was one of the members of 669 Meeker and the president and sole officer of JSB. Radek Smolarczyk (hereinafter Radek), who was Sylvester's cousin, was the superintendent of the subject building.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages against 669 Meeker, among others, alleging, inter alia, a violation of Labor Law § 240(1). After the completion of discovery, 669 Meeker moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending that the plaintiffs' claims against it were barred by the exclusivity provisions of the Workers' Compensation Law. In support of its motion, 669 Meeker submitted, among other things, the transcript of the injured plaintiff's deposition, Sylvester's affidavit, and the transcript of Sylvester's deposition.
Simultaneously, the plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In support of their motion, the plaintiffs submitted, among other things, the transcript of the injured plaintiff's deposition and the transcript of Sylvester's deposition. Thereafter, the injured plaintiff submitted an affidavit in opposition to 669 Meeker's motion and in further support of the plaintiffs' motion.
The Supreme Court denied both motions. 669 Meeker appeals from so much of the order as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiffs cross-appeal from so much of the order as denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
The Supreme Court properly denied 669 Meeker's motion for summary judgment dismissing the amended complaint insofar as asserted against it. "'[T]he receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment'" (Alfonso v Pacific Classon Realty, LLC, 101 AD3d 768, 769, quoting Slikas v Cyclone Realty, LLC, 78 AD3d 144, 150; see Workers Compensation Law §§ 10, 11, 29[6]). "A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662; see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557).
"A special employee is 'one who is transferred for a limited time of whatever duration to the service of another,' and limited liability inures to the benefit of both the general and special employer" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d at 557; see Chiloyan v Chiloyan, 170 AD3d 943, 945; Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779-780). "'Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive. . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business. . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work'" (Chiloyan v Chiloyan, 170 AD3d at 945; quoting Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d at 780).
Here, 669 Meeker failed to establish, prima facie, that the injured plaintiff was its special employee at the time of the accident because it did not submit sufficient evidence to establish, inter alia, that it controlled and directed the manner, details, and ultimate result of the injured plaintiff's work (see Dube v County of Rockland, 160 AD3d 807, 808; Alfonso v Pacific Classon Realty, LLC, 101 AD3d at 769-770; D'Alessandro v Aviation Constructors, Inc., 83 AD3d 769, 771; Franco v Kaled Mgt. Corp., 74 AD3d 1142, 1143; Soto v Akam Assoc., Inc., 61 AD3d 665, 666; see also Salinas v 64 Jefferson Apartments, LLC, 170 AD3d 1216, 1221). At his deposition, the injured plaintiff testified that he only received directions from Radek, whom the injured plaintiff considered his boss. Although Sylvester averred in his affidavit that Radek worked for 669 Meeker as the superintendent of the subject building, at his deposition, Sylvester testified that Radek was an employee of both 669 Meeker and JSB. Accordingly, 669 Meeker failed to eliminate triable issues of fact as to whether Radek controlled and directed the injured plaintiff's work in his capacity as a representative of JSB (see Ramos v 110 Bennett Ave., LLC, 180 AD3d 554, 554-555; D'Alessandro v Aviation Constructors, Inc., 83 AD3d at 771; Franco v Kaled Mgt. Corp., 74 AD3d at 1143; Pena v Automatic Data Processing, Inc., 73 AD3d 724, 725; Soto v Akam Assoc., Inc., 61 AD3d at 666).
Citing Clarke v Americana House, Inc. (186 AD2d 531) and Druiett v Brenner (193 AD2d 644, 669), Meeker alternatively contends that it is entitled to rely on the Workers' Compensation defense because Sylvester was both a member of 669 Meeker and the sole owner and officer of JSB. Those cases hold that where the owner of the premises is also an officer of the corporation where the injured plaintiff worked, the owner is protected from suit by the Workers' Compensation law as a co-employee of the injured plaintiff (see Druiett v Brenner, 193 AD2d at [*2]645; Clarke v Americana House, Inc., 186 AD2d at 531-532; see also Workers' Compensation Law § 29[6]; Heritage v Van Patten, 59 NY2d 1017, 1019). Here, however, 669 Meeker is not an officer or other employee of JSB, the plaintiff's employer. Thus, 669 Meeker did not demonstrate, prima facie, that it was entitled to rely on the Workers' Compensation defense as a matter of law to bar this action (see Masley v Herlew Realty Corp., 45 AD3d 653, 654; see also Haracz v Cee Jay, Inc., 74 AD3d 1147, 1148).
The Supreme Court also properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). "To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653 [internal quotation marks omitted]; see Lopipero v MTA Long Is. Rail Rd., 178 AD3d 813, 814).
"In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; Joblon v Solow, 91 NY2d 457, 465; Smith v Shell Oil Co., 85 NY2d 1000, 1002). "Generally, courts have held that work constitutes routine maintenance where the work involves 'replacing components that require replacement in the course of normal wear and tear'" (Wass v County of Nassau, 173 AD3d 933, 935, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Lopipero v MTA Long Is. Rail Rd., 178 AD3d at 814).
Here, the plaintiffs' submissions in support of their motion failed to eliminate triable issues of fact as to whether, at the time of the injured plaintiff's accident, the injured plaintiff was engaged in an enumerated activity protected under Labor Law § 240(1), or whether he was engaged in routine maintenance (see Lopipero v MTA Long Is. Rail Rd., 178 AD3d at 814; cf. Loreto v 376 St. Johns Condominium, Inc., 15 AD3d 454, 454-455). At his deposition, the transcript of which the plaintiffs submitted in support of their motion, the injured plaintiff testified that, at the time of the accident, he was using plaster and compound to cover holes in an interior wall of the building. While "[p]ainting is a protected activity that need not [be] incidental to the other listed activities such as construction, repair, or alteration, to be covered by Labor Law § 240(1)" (Artoglou v Gene Scappy Realty Corp., 57 AD3d 460, 461 [internal quotation marks omitted]; see Pittman v S.P. Lenox Realty, LLC, 91 AD3d 738, 739), here, the Supreme Court properly disregarded certain references to "painting" in the injured plaintiff's affidavit which had not been submitted in support of their motion. The plaintiffs cannot sustain their prima facie burden by relying on evidence submitted, in effect, for the first time in reply (see Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620; Poole v MCPJF, Inc., 127 AD3d 949, 949-950).
Since neither 669 Meeker nor the plaintiffs met their prima facie burdens, the Supreme Court properly denied 669 Meeker's motion and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court