Dolores v Grandpa's Bus Co., Inc. (2024 NY Slip Op 02521)

Dolores v Grandpa's Bus Co., Inc.

2024 NY Slip Op 02521

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-01198
 (Index No. 509536/18)

[*1]Cleotilde Dolores, respondent, 
v
Grandpa's Bus Co., Inc., et al., appellants.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for appellants.
Law Office of Neil Kalra, P.C., Forest Hills, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated January 7, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when a school bus she was operating was struck in the rear by a school bus owned by the defendant Grandpa's Bus Co., Inc., and driven by the defendant Samuel Bercy. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that the parties had a special employment relationship with nonparty Logan Bus Payroll Systems, Inc., such that the action was barred by the Workers' Compensation Law. By order dated January 7, 2021, the Supreme Court denied the motion. The defendants appeal.
"Generally, workers' compensation benefits are the sole and exclusive remedy of an employee against an employer . . . for injuries sustained in the course of employment" (Chiloyan v Chiloyan, 197 AD3d 612, 614; see Workers' Compensation Law §§ 11, 29[6]). "A person may be deemed to have more than one employer for purposes of the Workers' Compensation Law, a general employer and a special employer" (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662; see Ortega v 669 Meeker Ave., LLC, 191 AD3d 686, 688). A "special employee" is "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; see Everett v CMI Servs. Corp., 206 AD3d 620, 623). In determining whether a special employment relationship exists, the court should consider factors such as the right to control the employee's work, the method of payment, the furnishing of equipment, and the right to discharge (see Chiloyan v Chiloyan, 197 AD3d at 614-615; Wilson v A.H. Harris & Sons, Inc., 131 AD3d 1050, 1051).
Here, the defendants failed to establish, prima facie, that the parties were in a special employment relationship with nonparty Logan Bus Payroll Systems, Inc., such that the action was barred by the Workers' Compensation Law (see Mauro v Zorn Realties, Inc., 206 AD3d 645, 647-648; Ortega v 669 Meeker Ave., LLC, 191 AD3d 686). Since the defendants failed to meet their [*2]initial burden as the movants, the burden did not shift to the plaintiff to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 325).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court