Narvaez v Petrillo Contr., Inc. (2025 NY Slip Op 01938)

Narvaez v Petrillo Contr., Inc.

2025 NY Slip Op 01938

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-05671
 (Index No. 709796/20)

[*1]Vicente Narvaez, appellant, 
v
Petrillo Contracting, Inc., respondent (and a third-party action).

Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Renzulli Law Firm, LLP, White Plains, NY (Andrew Baginski, Jeffrey Malsh, and Christopher Renzulli of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated June 22, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross-motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the defendant's cross-motion; as so modified, the order is affirmed, without costs or disbursements.
On February 27, 2013, the plaintiff, an employee of the third-party defendant, Core Contracting of NY, LLC (hereinafter Core), allegedly was injured while working on a construction site when a hoisted cement barrier struck his wrist. The plaintiff commenced this action to recover damages against the defendant, Petrillo Contracting, Inc., the general contractor for the project, alleging, inter alia, that the defendant violated Labor Law § 240(1). The defendant interposed an answer asserting various affirmative defenses, including that the plaintiff's claims against it were barred by the exclusivity provisions of the Workers' Compensation Law. The defendant commenced a third-party action against Core, a subcontractor for the project. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendant cross-moved for summary judgment dismissing the complaint, contending that it was the plaintiff's special employer, thereby excluding it from liability for injuries sustained by the plaintiff under the Workers' Compensation Law. In an order dated June 22, 2020, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "To prevail on a motion for summary judgment in a section 240(1) 'falling object' case, the plaintiff must demonstrate that [*2]at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Pazmino v 41-50 78th St. Corp., 139 AD3d 1029, 1030; see Maisuradze v Nows The Time, Inc., 219 AD3d 722, 724). A plaintiff must also show that "the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [emphasis omitted]; see Pazmino v 41-50 78th St. Corp., 139 AD3d at 1030).
Here, the plaintiff made a prima facie showing that the defendant violated Labor Law § 240(1) by failing to provide the plaintiff with an adequate safety device (see Hensel v Aviator FSC, Inc., 198 AD3d 884, 888). In his affidavit submitted in support of his motion, the plaintiff averred that an excavator fitted with a clamp attachment was used to hoist cement barriers from a flatbed truck to the ground and that he assisted the operator of the excavator by guiding the barriers into the proper position. The plaintiff attested that the accident occurred when one of the barriers detached from the clamp while suspended above the ground, causing the barrier to fall and strike his wrist. The plaintiff opined that the clamp used to secure the barrier failed while the barrier was being hoisted.
However, viewing the evidence in the light most favorable to the defendant as the nonmovant (see Gamez v Lopez, 220 AD3d 844, 846), the transcript of the plaintiff's deposition testimony, submitted by the defendant in opposition to the plaintiff's motion, raised a triable issue of fact as to whether the plaintiff's injuries were proximately caused by a violation of Labor Law § 240(1) (see Maisuradze v Nows The Time, Inc., 219 AD3d at 724; Solorzano v Skanska USA Bldg., Inc., 155 AD3d 661, 662). The plaintiff's deposition testimony was inconsistent and ambiguous as to whether the plaintiff actually observed the cement barrier detach from the clamp prior to his injury and whether he knew what caused the barrier to strike his wrist. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
However, the Supreme Court should have denied the defendant's cross-motion for summary judgment dismissing the complaint. "The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer" (Pena v Automatic Data Processing, Inc., 105 AD3d 924, 924; see James v Highland Rehabilitation & Nursing Ctr., 222 AD3d 736, 736). "A special employee is 'one who is transferred for a limited time of whatever duration to the service of another'" (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; see Ortega v 669 Meeker Ave., LLC, 191 AD3d 686, 688). "The determination as to whether a special employment relationship exists is generally an issue of fact requiring consideration of many factors, including who controls and directs the manner of the employee's work, who is responsible for payment of wages and benefits, who furnishes equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (Dube v County of Rockland, 160 AD3d 807, 808; see Dolores v Grandpa's Bus Co., Inc., 227 AD3d 776, 777). "The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work" (Schramm v Cold Spring Harbor Lab., 17 AD3d 661, 662; see Thompson v Grumman Aerospace Corp., 78 NY2d at 558; Mauro v Zorn Realties, Inc., 206 AD3d 645, 647).
Here, the defendant failed to establish, prima facie, that the plaintiff was its special employee at the time of the accident because it did not submit sufficient evidence to establish, inter alia, that it controlled and directed the manner, details, and ultimate result of the plaintiff's work (see Mauro v Zorn Realties, Inc., 206 AD3d at 647-648; Ortega v 669 Meeker Ave., LLC, 191 AD3d at 688; Dube v County of Rockland, 160 AD3d at 808). At his deposition, the plaintiff testified that he was directed and controlled solely by Core supervisors. Moreover, the defendant's owner testified at his deposition that Core supervisors provided the day-to-day direction and control on the work site for Core laborers and that the defendant's employees did not direct or control Core laborers at the work site. Accordingly, the defendant failed to eliminate triable issues of fact as to whether Core controlled and directed the plaintiff's work (see Ortega v 669 Meeker Ave., LLC, 191 AD3d at 689; D'Alessandro v Aviation Constructors, Inc., 83 AD3d 769, 771). Since the defendant failed to [*3]satisfy its prima facie burden, the Supreme Court should have denied its cross-motion regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court